# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

TRINITA FARMER,

   Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

   Defendants.

2:18-cv-00860-GMN-VCF
**ORDER**

MOTION TO STAY [ECF NO. 19], MOTION FOR PROTECTIVE ORDER [ECF NO. 22]

  Before the Court is Defendants Las Vegas Metropolitan Police Department, Sergeant Travis Crumrine, Officer Michael Tran, and Officer Michael Flores' ("the LVMPD Defendants") Motion to Stay Case Pending Resolution of Motion to Dismiss (ECF No. 19) and Defendant Officer Kenneth Lopera's Emergency Motion for a Protective Order (ECF No. 22). For the reasons discussed below, the Court denies the motion to stay and grants the motion for a protective order.

## BACKGROUND

  This case involves the unfortunate death of Tashii Brown. (ECF No. 4 at 2). Tashii died while being arrested. (*Id.* at 4-5). Plaintiff Trinita Farmer is Tashii's mother. (*Id.* at 1). Trinita brings 42 U.S.C. § 1983 claims against the LVMPD defendants and Officer Lopera for violation of her right to familial association. (*Id.* at 9-14).

  This is not the only legal proceeding associated with Tashii's death. Officer Lopera was previously charged in Clark County Justice Court in relation to Tashii's death. (ECF No. 22 at 2). The charges were dismissed in August 2018. (*Id.*). After the charges were dismissed, Plaintiff's counsel made public statements that he planned to take evidence to the FBI in hopes of getting federal charges brought against

1

1  Officer Lopera. (ECF No. 22-2). There is also a civil rights and wrongful death case brought by Tashii's
2  Estate and minor children currently pending in this Court. (2:17-cv-01946-JCM-PAL, ECF No. 45).

3  In this case, the LVMPD Defendants filed a motion to dismiss. (2:18-cv-00860, ECF No. 12).
4  Defendants argue that Plaintiff "as the parent of an adult child, lacks standing to bring her claims" and
5  "because the law surrounding [Plaintiff]'s claims was not clearly established, the LVMPD Defendants are
6  entitled to qualified immunity." (*Id*. at 2). The LVMPD Defendants also filed a motion to stay discovery
7  in the case pending the outcome of their motion to dismiss. (ECF No. 19). They argue a stay is warranted
8  because the motion to dismiss rests on legal grounds that do not need further discovery to rule on. (*Id*. at
9  2). Officer Lopera filed a joinder to the motion to stay. (ECF No. 20). In response, Trinita argues that
10 clearly established Ninth Circuit law supports her standing and claims. (ECF No. 29 at 2-3).

11 Officer Lopera filed a motion for protective order "prohibiting the parties from deposing or
12 interviewing him or serving him with written discovery until the statute of limitations expires on all
13 potential criminal charges." (ECF No. 22 at 9-10). Officer Lopera asserts that "he must invoke his Fifth
14 Amendment privilege against self-incrimination in response to any discovery concerning the incident."
15 (*Id*. at 7). In opposition, Trinita argues that Officer Lopera's Fifth Amendment rights are not implicated
16 in this action because there is no pending criminal investigation or charge against him. (ECF No. 32 at
17 7).

18 The Court held a hearing for both motions on October 22, 2018. (ECF No. 34). Taking into
19 account the arguments of the parties made in their briefs and at the hearing, the Court now issues its
20 decision.

21                                    **MOTION TO STAY**

22 The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive
23 motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev.
24 2013). Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742

F.2d 561, 562 (9th Cir. 1984). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600-603 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* Imposing a stay of discovery pending a motion to dismiss is permissible if the court is "convinced" that the plaintiff is unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

**I.      Trinita's Standing**

The LVMPD Defendants argue that "under a prevailing view of the circuit courts of appeal, Trinita cannot show that she possessed a constitutionally protected interest in the familial relationship with her adult son after he reached the age of majority." (ECF No. 19 at 4). However, the Ninth Circuit has "recognized a parent's right to a child's companionship without regard to the child's age." *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1169 (9th Cir. 2013). Though the Ninth Circuit has recognized that other Circuits disagree with this holding, *Id.* at 1170 n.3, the Ninth Circuit has never altered its approach to reflect the other Circuits' decisions. *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1132 (9th Cir. 2017).

The LVMPD Defendants acknowledged at the October 22, 2018 hearing that the Ninth Circuit caselaw grants Trinita standing in this case. The LVMPD Defendants assert that they will likely appeal any denial of their motion to dismiss on this basis, and that the Ninth Circuit has shown some indication that it will change its approach to parents' standing in the future. However, the current state of the law is

clear. Attempting to predict the potential outcome of a possible future appeal is too speculative, and the Court will not engage in that analysis on this motion to stay. Based on the current state of Ninth Circuit caselaw, the Court is not convinced that Trinita lacks standing.

**II.    Qualified Immunity**

The determination of qualified immunity has three steps: "(1) the identification of the specific right allegedly violated; (2) the determination of whether that right was so 'clearly established' as to alert a reasonable officer to its constitutional parameters; and (3) the ultimate determination of whether a reasonable officer could have believed lawful the particular conduct at issue." *Sloman v. Tadlock*, 21 F.3d 1462, 1467 (9th Cir. 1994). While an early decision regarding immunity "ordinarily is possible because qualified immunity most often turns on legal determinations," when the "right to immunity turns on the resolution of disputed facts, early determination is not possible." *Id.* at 1468.

The LVMPD Defendants argue that issue of law regarding (1) Plaintiff's standing and (2) the officers' failure to intervene were not clearly established. (ECF No. 29 at 7-10). As previously stated, the Ninth Circuit clearly recognizes a parent's right to a child's companionship.

The LVMPD Defendants acknowledge that "[t]he failure to intervene is a subpart of the Fourth Amendment right to be free of excessive force. *See Graham v. Connor*, 490 U.S. 386, 388 (1989)." (ECF No. 29 at 7). An officer is liable for failing to intervene in a constitutional violation committed by another officer if there is a realistic opportunity to intercede. *Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000), as amended (Oct. 31, 2000). The standard of culpability for a due process right to familial association claim depends on the circumstances of the action—deliberate indifference if there was time to deliberate, or purpose to harm for reasons unrelated to legitimate law enforcement objectives for fast-moving situations. *Porter v. Osborn*, 546 F.3d 1131, 1137-38 (9th Cir. 2008).

Though the LVMPD Defendants try to argue that the "baseline definition of 'intervention' remains unsettled," (ECF No. 29 at 9), they are actually arguing that the duty to intervene did not arise based on

4

the facts of the case. The LVMPD Defendants' arguments address when the officers arrived at the incident and what they saw. (*Id*. at 7-10). These are disputed facts that would be addressed in discovery. In addition, the LVMPD Defendants acknowledged at the October 22, 2018 hearing that the Court could apply either the deliberate indifference or purpose to harm standard based on the allegations in the complaint.

The LVMPD Defendants' motion to dismiss raises factual disputes that discovery would likely help resolve. Therefore, the Court denies the LVMPD Defendants' motion to stay.

## MOTION FOR PROTECTIVE ORDER

Officer Lopera "requests a protective order prohibiting the parties from deposing or interviewing him or serving him with written discovery until the statute of limitations[1] expires on all potential criminal charges." (ECF No. 22 at 9-10). Officer Lopera asserts that his Fifth Amendment rights are implicated and there is sufficient discovery available for Trinita to bring her case without deposing or obtain documents from Officer Lopera. (*Id.* at 7-9). Trinita argues that without a pending criminal investigation, Trinita's interest in bringing her case outweighs Officer Lopera's interests. (ECF No. 32 at 5-10).

Officer Lopera has essentially asked for a stay of his deposition or requests for written discovery until the statute of limitations expires on all potential criminal charges. "While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "[A] court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [] to require such action.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Securities*

---

[1] Trinita argues that there is no statute of limitations for a criminal civil rights violation resulting in death. (ECF No. 32 at 2). Officer Lopera argues that "only a violation of 18 U.S.C. § 242 that is punishable by death carries no statute of limitations. ... All other violations are subject to a five-year statute of limitations." (ECF No. 33 at 5).

Therefore, the Court interprets Officer Lopera's request to be a stay on discovery lasting five years from the date of the underlying incident—May 14, 2017. (ECF No. 4 at 3-4). Should this case last beyond the five-year mark, it could be grounds for Trinita to file a motion to compel discovery regarding Officer Lopera.

*& Exchange Comm'n v. Dresser Indus.,* 628 F.2d 1368, 1375 (D.C.Cir. 1980)). In ruling on a motion to stay discovery pending the outcome of parallel criminal proceedings, the Court should take into account the following factors:

    (1) the extent to which the defendant's fifth amendment rights are implicated;

    (2) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

    (3) the burden which any particular aspect of the proceedings may impose on defendants;

    (4) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

    (5) the interests of persons not parties to the civil litigation; and

    (6) the interest of the public in the pending civil and criminal litigation.

*Molinaro*, 889 F.2d at 902-903 (quoting *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D.Pa.1980)).

The Court notes one significant factual distinction between the instant case and all other cases cited by the parties on this issue: there are no confirmed criminal investigations or proceedings currently taking place against Officer Lopera. There are no pending charges against Officer Lopera. Plaintiff's counsel made a public comment about taking evidence to the FBI in hopes of having federal charges brought against Officer Lopera (ECF No. 22-2), but neither party had information about any subsequent acts taken by the United States.

However, the Court finds that the facts in this case makes distinguishing between confirmed and potential criminal proceedings impractical. The parties do not dispute that Officer Lopera could face federal criminal charges based on the underlying incident for at least another three-and-a-half years. Plaintiff's counsel has made comments indicating an active interest in pressing for the charges to be

brought. There is no question that the underlying incident was a serious matter, and any criminal charges stemming from the incident would be equally serious.

Based on these facts, Officer Lopera's Fifth Amendment rights are inextricably implicated in this case. Any criminal charges would stem from the exact same facts that Trinita would seek to obtain in discovery from Officer Lopera. The Court acknowledges that staying Officer Lopera's deposition or requests for written discovery from him prejudices Trinita's ability to proceed expeditiously with this case. However, several factors in this case convince the Court that this prejudice does not outweigh Officer Lopera's interest. There are many other sources of discovery in this case, such as audio and video recordings and witnesses, that cover much of the same information that would be sought from Officer Lopera. (ECF No. 22 at 7-8). The pending civil rights and wrongful death case brought by Tashii's Estate and minor children is proceeding without Officer Lopera's deposition or written discovery from him. (2:17-cv-01946-JCM-PAL, ECF No. 27). In addition, allowing Trinita to depose or serve written discovery requests on Officer Lopera would not benefit Trinita beyond having Officer Lopera invoke the Fifth Amendment. Officer Lopera has already asserted that "he must invoke his Fifth Amendment privilege against self-incrimination in response to *any* discovery concerning the incident" (2:18-cv-00860, ECF No. 22 at 7, emphasis added), and there is no evidence before the Court that such invocations would be improper.

Based on the potential for criminal charges to be brought against Officer Lopera and his clear intention to invoke his Fifth Amendment right in response to discovery, the Court grants Officer Lopera's motion for protective order. However, the Court acknowledges that this determination was dependent on the somewhat unique facts present in this case. Should Trinita be able to present the Court with evidence that the United States is not and will not consider bringing federal charges against Officer Lopera, the Court would entertain a motion to reconsider on that basis.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the LVMPD Defendants' Motion to Stay Case Pending Resolution of Motion to Dismiss (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that Officer Kenneth Lopera's Emergency Motion for a Protective Order (ECF No. 22) is GRANTED.

DATED this 23rd day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE