**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
3005 W. Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
*Attorney for Plaintiff Trinita Farmer*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRINITA FARMER, individually, | CASE NO: 2:18-cv-00860-GMN-VCF |
| Plaintiff, | |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER KENNETH LOPERA, individually and in his Official Capacity; SERGEANT TRAVIS CRUMRINE, individually and in his Official Capacity; OFFICER MICHAEL TRAN, individually and in his Official Capacity; OFFICER MICHAEL FLORES, individually and in his Official Capacity, | **PLAINTIFF'S MOTION TO COMPEL DEFENDANT LVMPD'S (1) CIRT REPORT; (2) CIRT STATEMENT OF KENNETH LOPERA; AND (3) REVIEW BOARD MINUTES AND DOCUMENTS** |
| Defendants. | |

COMES NOW Plaintiff TRINITA FARMER, individually, by and through her attorney, ANDRE M. LAGOMARSINO, ESQ., and hereby submits *Plaintiff's Motion to Compel Defendant LVMPD's (1) CIRT Report; (2) CIRT Statement of Kenneth Lopera; and (3) Review Board Minutes and Documents.*

. . .

. . .

. . .

. . .

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Motion is before the Court to compel Defendant Las Vegas Metropolitan Police Department ("LVMPD") to produce discovery that is highly probative and relevant to Plaintiff's claims. The instant motion is facilitated due to Defendant LVMPD's objections and excuses that are based on the erroneous presumption that a deliberative process privilege can be asserted in this case, and that Defendant Kenneth Lopera's Critical Incident Response Team ("CIRT") statement cannot be produced unless Defendant Lopera consents to its release, or is compelled by this Court to do so, due to Defendant Lopera invoking his Fifth Amendment right.

As a result of these erroneous presumptions, Defendant LVMPD still refuses to produce its CIRT Report of the incident, Defendant Lopera's CIRT statement, and the Review Board Minutes and Documents of the officers involved in the incident despite formal requests and despite having met and conferred with counsel on these issues[1]. Pursuant to Federal Rule of Civil Procedure 37(a)(2), a party may move the court for an order compelling *full and complete responses* to interrogatories and document requests. FRCP 37(a)(2). Accordingly, Plaintiff has been forced to file this motion respectfully requesting the Court to compel the Defendant to respond to the discovery requests at issue here.

## II. SUMMARY OF UNDERLYING FACTS

This civil rights case arises from yet <u>another</u> incident involving the Las Vegas Metropolitan Police Department where an <u>unarmed</u> and <u>defenseless</u> man was unnecessarily, and unconstitutionally, killed by its officers.

On Mother's Day, May 14, 2017, Tashii Farmer ("Tashii"), peacefully approached Officer Lopera and Officer Lif inside The Venetian Resort Hotel Casino (hereinafter "The Venetian"). He displayed symptoms of mental confusion and appeared to be suffering from a mental disorder.

---

[1] The affidavit of counsel pertaining to meet and confer efforts is attached as **Exhibit 6.**

There was no indication that Tashii caused any harm to any persons, caused any property damage, or that he presented an immediate threat of death or serious bodily injury to anyone, including Officer Lopera and Officer Lif. Tashii was completely <u>unarmed</u>.

During this time, Tashii became frightened and attempted to run from the officers. He was chased by Officer Lopera through a hallway and to an outside roadway on The Venetian property. Once Officer Lopera caught up to Tashii outside, Defendant Lopera deployed and discharged his Electronic Control Device ("ECD"), i.e. Taser, on Tashii a total of seven (7) times causing neuromuscular incapacitation ("NMI"). Officer Lopera then mounted Tashii and struck him multiple times in the head and face, without allowing Tashii any reasonable opportunity to comply with commands. Officer Lopera then proceeded to choke Tashii for over a minute while Defendant Officers Crumrine, Flores, and Tran enabled the choke hold by not only screaming and cursing at Tashii, refusing to intervene, and holding him while Lopera was killing him. Tashii was rendered unconscious from the beating and died as a result. Tashii was just forty (40) years old when he was killed by LVMPD and its officers.

## III.   RELEVANT PROCEDURAL HISTORY

The Rule 26 Conference in the above-referenced matter was held on October 10, 2018 and the Discovery Plan and Scheduling Order was entered by the Court on December 12, 2018 (ECF No. 23).

On October 2, 2018, Plaintiff served Defendant Las Vegas Metropolitan Police Department with Plaintiff's First Set of Requests for Production of Documents. *See* **Exhibit 1, Plaintiff's First Set of Requests for Production of Documents from Defendant LVMPD**.

On October 31, 2018, the Court entered a Protective Order (ECF No. 35), with an order of confidentiality ascribed to a broad class of documents in this litigation.

Defendant LVMPD served its Responses to Plaintiff's First Set of Requests for Production of Documents, respectively, on November 16, 2018. *See* **Exhibit 2, Defendant LVMPD**

**Responses to Plaintiff's First Set of Requests for Production of Documents.**

The undersigned met and conferred telephonically with Craig R. Anderson, Esq., counsel for Defendant LVMPD, on November 29, 2018, pursuant to LR 37-1(a), wherein they discussed extending the discovery deadlines by sixty (60) days, the production of Defendant Lopera's CIRT Statement, and Defendant LVMPD's Responses to Plaintiff's First Set of Requests for Production Nos. 6, 7, 10, 14, 16, 20, 23 & 24, 45 & 50, and 46 & 47[2]. *See* **Exhibit 3, Post Meet and Confer Correspondence with Craig Anderson, Esq.**

Plaintiff's counsel, additionally sent correspondence to Defendant Lopera's counsel, Daniel R. McNutt, Esq., on December 5, 2018, requesting they meet and confer on December 10, 2018 to discuss the production of Defendant Lopera's CIRT Statement and extending the discovery deadlines by sixty (60) days. Plaintiff's counsel requested the meet and confer to take place during a deposition break of Defendant Crumrine, as a court reporter would be present and in the event that Plaintiff would need to file a motion before the Court. *See* **Exhibit 4, Request to Meet and Confer with Daniel McNutt, Esq.** Counsel met and conferred on a break.

Defendant LVMPD served its first supplemental Responses to Plaintiff's First Set of Requests for Production of Documents, on December 13, 2018. *See* **Exhibit 5, Defendant LVMPD First Supplement to Responses to Plaintiff's First Set of Requests for Production Documents.** The issues discussed herein were not resolved.

**IV.     LR 26-7 RECITATION OF DISCOVERY AT ISSUE**

"All motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any." LR-26-7. To this end, the "full text" of the discovery sought is included below, as well as Defendant LVMPD's First Supplemental Response to Request No. 6.

. . .

---

[2] Only Request for Production No(s). 6 and 7 are at issue in the instant Motion.

...

**Defendant LVMPD's Responses to Plaintiff's First Set of Requests for Production**

**REQUEST NO. 6:**
Please produce any written or recorded statements, summaries of statements, and written or recorded reports by any party, witness, investigator, adjuster, or any person with knowledge of the incident that is the subject of this litigation. For any claim of attorney client privilege, provide a privilege log.

**RESPONSE TO REQUEST NO. 6:**
Please see LVMPD 1391-2099 and LVMPD 2138-2172. In addition to the above, Officer Lopera was compelled to provide a statement to LVMPD's CIRT. The statement was compelled under the threat of termination. Due to the on-going threat of criminal prosecution, Officer Lopera has refused to release his CIRT statement citing his Fifth Amendment privilege. See also Response to Request No.7.

**SUPPLEMENTAL RESPONSE TO REQUEST NO.6:**
Please see LVMPD 1391-2099 and LVMPD 2138-2172. In addition to the above, Officer Lopera was compelled to provide a statement to LVMPD's CIRT. The statement was compelled under the threat of termination. Due to the on-going threat of criminal prosecution, Officer Lopera has refused to release his CIRT statement citing his Fifth Amendment privilege. See also Response to Request No.7.

*Pursuant to the parties' November 29, 2018 meet and confer, LVMPD agrees that it will produce Lopera's CIRT statement if Defendant Lopera consents to its release or a court order is obtained.*

*Plaintiff also asserted in the November 29, 2018 meet and confer that this request covered depositions taken in the related action of The Estate of Tashii Farmer v. LVMPD, et. al., 2:17-cv-1946. Attached as Exhibit A is a list of all depositions taken in that case and the court reporting agency.*

• ------- •

**REQUEST NO. 7:**
Please produce all reports and memoranda relating to the incident involving officer Lopera tazing, beating and choking Tashii Brown on May 14, 2017. For any claim of attorney client or work product privilege, provide a privilege log.

**RESPONSE TO REQUEST NO. 7:**
Objection. This Request is unnecessarily argumentative and harassing with respect to the term "beating and choking." Notwithstanding this objection, please see Response to Request No.6.

In addition, LVMPD's Critical Incident Report Team ("CIRT") created a CIRT Report. After the Use of Force Board, a Use of Force Board Memorandum and CIRT Memorandum was drafted for review of the Sheriff regarding the outcome of the investigations. As set forth below, LVMPD is asserting the deliberative process privilege to these documents.

LVMPD has two distinct tracts of review. The first tract is conducted by LVMPD's Force Investigation Team ("FIT"). The purpose of the homicide investigation is to gather all available information and evidence to assist the District Attorney's Office in determining whether any criminal conduct occurred during the officer involved shooting. The second tract of review is handled by LVMPD's Critical Incident Review Team ("CIRT"). **The purpose of the CIRT investigation is purposefully distinct from the FIT team. CIRT is a team of full-time employees who conduct a mandatory investigation into all officer involved shootings.** CIRT was specifically created with the deliberative process privilege in mind. The team and its purpose are designed to allow for candid and honest dialogue within LVMPD to allow for the creation or modifications of LVMPD's policies and training. In other words, the purpose of CIRT is to act as a self-critical process to assist in improving and evaluating LVMPD's policies and training. In short, the homicide investigation is a traditional investigation looking at criminality, while the CIRT tract is an "administrative" evaluation of the incident. (Emphasis added).

Although the FIT and CIRT investigations are distinct and independent, there is obviously some commonality between the two processes. LVMPD policy establishes the general protocol for both. Once an officer involved shooting occurs, it is the responsibility of any officer on the scene to secure the scene and immediately notify LVMPD Communications and a supervisor. The first supervisor on scene assumes responsibility as the "Incident Commander." In this capacity, the first supervisor addresses the most immediate and urgent needs, such as directing medical attention to those who need it and continuing security of the scene. In conjunction, the first supervisor is directed to obtain a "Public Safety Statement" from officers. The public safety statement consists of responses to a pre-defined series of questions which are as follows:

1. Is anyone injured? If so, where are they located?

2. Are there any outstanding suspects? If so, what is their description, direction and mode of travel? How long have they gone? What crime(s) are they wanted for? What weapons are they armed with?

3. Were you involved in an officer involved shooting?

4. Approximately where were you when you fired the rounds?

5. Approximately how many rounds did you fire and in what direction did you fire them?

6. Do you know if any other officers fired any rounds?

7. Is it possible the suspect fired rounds at you? If so, from what direction were the rounds fired?

8. Are there any weapons or evidence that needs to be secured/protected? Where are they located?

9. Are you aware of any witnesses? If so, what is their location?

The information acquired in the Public Safety Statement is consistent with the initial objectives and responsibilities of the first supervisor: (1) determine the number and identify of those needing medical attention; (2) determine information about suspects who are not accounted for; and (3) gather information necessary to secure the scene for further investigation. While the first supervisor is performing these tasks, LVMPD's Communications Section is responsible for notifying the personnel who are to respond to the scene. Among others, FIT and CIRT are notified. Once all essential personnel are on scene, an initial briefing will be held. Both FIT and CIRT attend the initial briefing.

**<u>Following that, FIT coordinates a walk-through of the scene with the involved Officer. If there is more than one officer involved, multiple walk-throughs will be conducted. The walk-through is designed to identify locations where physical evidence might be found and to provide the FIT investigators with a general understanding of the scene. The walk-throughs are not recorded. CIRT is excluded from the walk-through procedure, but is briefed on it by the homicide investigators. CIRT is also given an opportunity to perform its own walk-through after FIT.</u>** At that point, the responsibilities and protocol of FIT and CIRT differ. FIT continues its investigation until completion and then presents the information to the District Attorney's Office. CIRT's involvement remains solely internal. (Emphasis added).

The critical differences between FIT and CIRT procedures are two-fold. First, the purpose and objective of the FIT process is to gather information necessary to determine whether any conduct of an officer involved in a shooting constitutes a criminal act. The purpose and objective of the CIRT process is to evaluate the application, misapplication, lapse or neglect of training, policies and procedures in order to determine whether modifications of any internal rules or practices are required. And, second, given the criminal nature of the FIT process, officers are - - and must be - - afforded the right to decline to submit to an interview. On the contrary, given the administration nature of the CIRT process, **<u>officers involved in a shooting are compelled to submit themselves to an interview as they are in the best position to assist in the improvement of internal procedures</u>**. Officers face termination if they refuse to give a CIRT statement. FIT is required to share all of its information with CIRT. CIRT is strictly prohibited from sharing compelled information from involved officers with FIT. (Emphasis added).

Once FIT's investigation is complete, it turns its FIT Report and accompanying evidence to the District Attorney's Office for review. The District Attorney then determines whether criminal charges are necessary and then it holds a Fatality Review Board to make its findings public.

After the District Attorney makes its final decision and releases the FIT file back to LVMPD, the CIRT team finishes its internal investigation. **<u>The CIRT team uses the FIT Report and the statements CIRT compelled from involved officers. After obtaining all factual evidence, the CIRT team then creates its CIRT Report.</u>** The purpose of the CIRT Report is to report the facts of the shooting and then analyze the

facts for potential tactical errors, training errors, and/or policy violations. The CIRT team then recommends to the sheriff any new training and/or new policies it believes may be necessary and/or beneficial to LVMPD. The CIRT team members are assured of the confidentiality of their reports and forbidden to disseminate the report. Obviously, the reason behind this confidentiality is to ensure the CIRT team is candid and honest regarding their evaluation and not concerned with potential legal or internal fallout resulting from their decisions/opinions. Thus, the goal of the CIRT Report is to candidly evaluate LVMPD's policies and procedures, identify potential problem areas, and make recommendations to the sheriff regarding policy and training. (Emphasis added).

It is LVMPD's position that the opinions in the CIRT Report are privileged and non-discoverable. The CIRT Report is protected by the deliberate process privilege. More importantly, the Defendants have produced the entire CIRT file. *(See* LVMPD's Initial Disclosure Statement at Exhibits 24-62.) Thus, Plaintiff is in possession of all of the factual information used to create the CIRT Report and the Memorandum. The Plaintiff is only missing LVMPD's protected internal opinions and policy decisions.

Analysis of the facts, together with the applicable mandatory and persuasive authorities that support the production of the above-reference information, is set forth below.

## V. LEGAL ARGUMENT

### A. The Deliberative Process Privilege is Inapplicable to Defendant LVMPD's CIRT Report

Federal law recognizes the deliberative process privilege, which shields confidential inter-agency memoranda on matters of law or policy from public disclosure. *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1116 (9th Cir. 1988). Under the privilege, a governmental entity may withhold documents that "reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *FTC v. Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir.1984). The ultimate purpose of the privilege is to ensure the quality of agency decisions, by promoting frank and independent discussion among those responsible for governmental decision-making. *Id.*

This Court has adopted the Ninth Circuit's view that **facts and evidence** are not protected by the deliberative process privilege. *Mazzeo v. Gibbons*, 2:08-CV-01387-RLH, 2010 WL 3036441 *6 (D. Nev. July 27, 2010) (citing *FTC*, 742 F.2d at 1161) (Emphasis added). Additionally, in order

to avoid discovery on the basis of the deliberative process privilege, a document must meet two requirements: (1) the document must be predecisional—it must have been generated before the adoption of the agency's policy or decision; <u>and</u> (2) the document must be deliberative in nature, containing opinions recommendations, or advice about agency policies. *FTC,* 742 F.2d at 1161. The privilege is to be narrowly applied. *J.R. Norton Co., v. Arizmendi*, 108 F.R.D. 647, 648 (S.D. Cal. 1985).

Here, the CIRT Report is not protected by the deliberative process privilege because it is largely, if not solely based on the facts and evidence that were gathered during the investigation of the killing of Tashii Farmer. As emphasized above, Defendant LVMPD's Response No. 7 to Plaintiff's First Set of Requests for Production of Documents specifically states, "The CIRT team uses the FIT Report and the statements CIRT compelled from involved officers. <u>After obtaining all factual evidence, the CIRT team then creates its CIRT Report</u>." As referenced above, this Court as well as the Ninth Circuit have expressly held that <u>facts</u> <u>and</u> <u>evidence</u> are not protected by the deliberative process privilege. In addition, the CIRT Report which is largely based off the factual evidence obtained from investigation of the killing of Tashii Farmer is in no way a predecisional matter to the adoption of agency policy, nor is it in any way connected to any process by which any agency policies are or were formulated, as the report stems almost exclusively from the investigation of the incident in the instant case.

Moreover, even if this Court were to find any foundation whatsoever for the application of the deliberative process privilege, "a litigant may obtain discovery of materials protected by the privilege if the need for the materials outweighs the governmental interest in keeping the decision-making process confidential." *FTC,* 742 F.2d at 1161. In deciding whether to override the privilege claim and allow discovery, there are four factors to be considered: "(1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding

contemplated policies and decisions." *Id.*

In addressing these factors, the CIRT Report is highly relevant to Plaintiff's claims of liability, especially under the *Monell* cause of action against Defendant LVMPD. Even Defendant Sergeant Crumrine review the CIRT Report.[3] Further, the availability of other evidence, and the government's role in the litigation, do not outweigh the Plaintiff's strong need in obtaining the CIRT Report, as it is based almost exclusively on the factual evidence obtained in the investigation. Lastly, the disclosure of the CIRT Report would not hinder any frank and independent discussions as several courts have found that the deliberative process privilege generally does not apply in civil rights lawsuits to protect from disclosure of internal affairs documents, investigations, and records of witness/police officer statements, as these routinely generated communications are not designed to contribute to the formulation of important public policy. *See Soto v. City of Concord*, 162 F.R.D. 603, 612-13 (N.D. 1995) ("The 'deliberative process' privilege, closely related to the self-critical analysis privilege, is also inappropriate for use in civil rights cases against police departments."); *see also Pittman v. County of San Diego*, Civil No. 09-CV-1952-WQH (WVG), 2010 WL 373867, at *3 (S.D. Cal Sept. 17, 2010). Thus, based on the above discussion, this Court should compel the production of Defendant LVMPD's CIRT Report.

**B. Defendant Lopera's CIRT Statement Should Be Produced Regardless of His of Fifth Amendment Right**

Defendant LVMPD's Responses, as set forth above, contend that "due to the on-going threat of criminal prosecution, Officer Lopera has refused to release his CIRT statement citing his Fifth Amendment privilege," and that "officers involved in a shooting are compelled to submit themselves to an interview as they are in the best position to assist in the improvement of internal procedures." However, what Defendant LVMPD fails to see is Defendant Lopera's CIRT statement is not being used in subsequent criminal proceeding, but rather a civil proceeding, which allows for

---

[3] Deposition testimony to be supplemented upon receipt.

his statement to be produced. In *Garrity*, the United States Supreme Court held that "the protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office, and that it extends to all, whether they are policemen or other members of our body politic." *Garrity v. State of N.J.*, 385 U.S. 493, 500 (1967). Clearly, Defendant Lopera's CIRT statement would be privileged if this was a subsequent criminal proceeding. However, that is not the case here, therefore Defendant Lopera's CIRT statement can and should be produced as the privilege does not apply to this civil proceeding.

Moreover, Defendant LVMPD counsel has acknowledged that it is has no problem releasing Defendant Lopera's CIRT statement. However, Defendant Lopera's counsel has refused. Specifically, in the meet and confer telephone conference between Plaintiff's counsel and Defendant LVMPD's counsel, Craig Anderson, Esq., counsel discussed that "Plaintiff will need to secure an authorization or approval from Lopera's counsel before Defendant LVMPD will produce the statement." To date, there has been no authorization or production of Defendant Lopera's CIRT statement to Plaintiff.

The reality is that Defendant Lopera's counsel has repeatedly refused throughout discovery to give a basis for why Plaintiff is not getting its discovery, specifically Defendant Lopera's CIRT statement, all while having no problem asking Plaintiff for its basis in discovery. As result, Plaintiff has been forced to file this Motion and for the reasons set forth above this Court should order Defendant LVMPD to produce Defendant Lopera's CIRT statement.

### C. Defendant LVMPD Should Produce All Review Board Minutes of Officer Flores, Tran, and Crumrine as well as the Review Board Documents of all Officers Involved in the Incident as They Are Relevant in Proving *Monell* Liability

A section 1983 plaintiff may establish municipal liability in one of three ways. First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a "longstanding practice or custom which constitutes the 'standard

operating procedure' of the local governmental entity." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 737 (1989) (internal quotation omitted); *accord Monell v. Department of Social Servs.*, 436 U.S. 658 at 690-91 (1978). Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with "final policy-making authority" and that the challenged action itself thus constituted an act of official governmental policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986); *McKinely v. City of Eloy*, 705 F.2d 1110, 1116 (9th Cir. 1983). **Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.** *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127; *Hammond v. County of Madera*, 859 F.2d 797, 801-02 (9th Cir. 1988). (Emphasis added).

"If the authorized policymakers approve a subordinate's decision and the basis for it, their **ratification** would be chargeable to the municipality because their decision is final." *Praprotnik*, 485 U.S. at 127. (Emphasis added). "There must, however, be evidence of a conscious, affirmative choice" on the part of the authorized policymaker. *Gillette v. Delmore*, 979 F.2d 1342 at 1347. Municipal liability under section 1983 attaches only where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur*, 475 U.S. at 483-484. In *Pembaur,* the Supreme Court held that a single decision by a municipal policymaker may be sufficient to trigger section 1983 liability under *Monell,* even though the decision is not intended to govern future situations. *Id.* at 480-81.

### 1. Review Board Minutes of Officer Flores, Tran, and Crumrine

Here, Defendants Flores, Tran, and Crumrine all underwent an internal review process involving having charges brought against them in the discipline context. Defendants Flores and Tran were subject to the Use of Force Review Board and Defendant Crumrine, as a sergeant, was subject to the Tactical Review Board. CIRT also conducted its own investigation into these

officers' behavior and found that Defendant Flores, Tran, and Crumrine all failed to intervene during the incident. Despite this decision by CIRT, the Sheriff along with other officials responsible for establishing final policy throughout the LVMPD, choose to make a conscious and affirmative decision to release these Officers of the charges brought against them and simply charge them with the trivial violation of improper bodycam usage. These LVMPD officials' decision to release the charges against the officers ratified the unconstitutional conduct that they exhibited on the day of the incident, as these officials made a deliberate choice to follow a course of action among various alternatives establishing final policy with respect to the subject matter in question. These Review Board Minutes of these Officers are relevant in establishing ratification and *Monell* liability in the instant case and should be produced.

### 2. Review Board Documents of Officer Flores, Tran, and Crumrine

Moreover, a similar argument and analysis can be made for the production of the Review Board Documents that Defendant LVMPD has in its possession. However, unlike the above argument where the CIRT team brought charges for a failure to intervene, here, the Use of Force and Tactical Review Boards seemingly found that Defendant Flores, Tran, and Crumrine did not intervene. As a result, Defendant LVMPD officials, by not countermanding the Review Boards' decisions and by not imposing any severe discipline on the Defendant Flores, Tran, and Crumrine ratified, the Review Boards' decisions and thereby effectively made an employment policy that LVMPD Officers have no duty to intervene when another officer is choking an unarmed person to death.

In addition, Plaintiff's counsel has been in discussion with Defendant LVMPD's counsel who has expressed that it is more the LVMPD that is unwilling to produce the documents, rather than counsel. Thus, this Court should compel Defendant LVMPD to produce these documents.

. . .

. . .

## VI. CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully asks this Court to grant this Motion in its entirety.

DATED this 21st day of December, 2018.

RESPECTFULLY SUBMITTED,

**LAGOMARSINO LAW**

ANDRE M. LAGOMARSINO, ESQ. (#6711)
3005 W. Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
*Attorney for Plaintiff Trinita Farmer*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 21st day of December, 2018, I served a true copy of the foregoing *Plaintiff's Motion to Compel Defendant LVMPD's (1) CIRT Report; (2) CIRT Statement of Kenneth Lopera; and (3) Review Board Minutes and Documents* on all parties to this action via electronic service through the United States District Court's CM/ECF system, to the following:

MARQUIS AURBACH COFFING
Attn: Craig R. Anderson, Esq.
Attn: Tom W. Stewart, Esq.
canderson@marquisaurbach.com
mwatson@maclaw.com
smong@marquisaurbach.com
tstewart@maclaw.com
mmonkarsh@maclaw.com
*Attorneys for Defendants LVMPD, Crumrine, Tran, and Flores*

MCNUTT LAW FIRM, P.C.
Attn: Daniel R. McNutt, Esq.
drm@mcnuttlawfirm.com
lah@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com
trey@mcnuttlawfirm.com
cliftonwolf@gmail.com
drm@mcnuttlawfirm.com,
jnw@mcnuttlawfirm.com,
*Attorney for Defendant Kenneth Lopera*

An Employee of Lagomarsino Law