MCNUTT LAW FIRM, P.C.
Daniel R. McNutt, Esq., Bar No. 7815
Matthew C. Wolf, Esq., Bar No. 10801
625 South Eighth Street
Las Vegas, Nevada 89101
Tel.: (702) 384-1170 / Fax.: (702) 384-5529
drm@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com
*Counsel for Defendant Kenneth Lopera*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRINITA FARMER, individually,<br><br>Plaintiff<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; KENNETH LOPERA, individually; TRAVIS CRUMRINE, individually; MICHAEL TRAN, individually; MICHAEL FLORES, individually,<br><br>Defendants. | Case No.: 2:18-cv-00860-GMN-VCF<br><br>**DEFENDANT OFFICER KENNETH LOPERA'S OPPOSITION TO PLAINTIFF'S DECEMBER 21, 2018 MOTION TO COMPEL (ECF NO. 38)** |

On December 21, 2018, Plaintiff Trinita Farmer ("Trinita") moved to compel Defendant Las Vegas Metropolitan Police Department ("LVMPD") to produce (1) a statement Defendant Officer Kenneth Lopera ("Ofc. Lopera") was *required to provide* to LVMPD's Critical Incident Response Team ("CIRT") (the "CIRT Statement"); (2) a report prepared by CIRT (the "CIRT Report"); and (3) minutes and documents from LVMPD's Review Board. ECF No. 38. Ofc. Lopera respectfully opposes Plaintiff's Motion with respect to his CIRT Statement. He also joins and incorporates herein the arguments in LVMPD's Opposition to the Motion.

This lawsuit arises from the death of Tashi Farmer ("Tashi") on May 14, 2017.[1] On May 19, 2017, Ofc. Lopera was compelled under the threat of termination to provide a statement to CIRT concerning Tashi's death. Ex. A, Employee Obligations and Protections in an Internal Investigation. ("The Department is compelling you to answer questions under threat of termination.") As set forth

---

[1] For an overview of the facts surrounding Tashi's death, Ofc. Lopera respectfully refers this Court to his July 26, 2018 opposition to the motion to amend filed by Tashi's estate in case no. 2:17-cv-01946-JCM-PAL in the District of Nevada. *See* ECF No. 74 at 3:13 – 6:6.

1

in LVMPD's Opposition, CIRT is a team of full-time employees who investigate all critical incidents. The purpose of the investigation is to evaluate the application, misapplication, lapse or neglect of training, policies, and procedures to determine whether any internal rules or practices should be modified. Officers involved in critical incidents are compelled to give an interview to CIRT and face termination if they refuse. Ofc. Lopera was interviewed by CIRT for almost three hours, and a written transcript was prepared of the interview. Before the interview began, Ofc. Lopera was advised that pursuant to Nev. Rev. Stat. § 289.060(4), his statements could not be used against him in any criminal proceeding.

This Court should deny Trinita's request for Ofc. Lopera's CIRT Statement for at least four reasons. **First**, Ofc. Lopera's CIRT Statement is subject to the Deliberative Process Privilege which was developed to promote frank and independent discussion among those responsible for making governmental decisions, *Environmental Protection Agency v. Mink*, 410 U.S. 73, 87, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973), and also to protect against premature disclosure of proposed agency policies or decisions, *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C.Cir.1980). The ultimate purpose of the privilege is to protect the quality of agency decisions. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 151, 95 S.Ct. 1504, 1517 (1975).

As a matter of public policy, the men and women who wear the clothe of our nation deserve to have the ability to candidly discuss lapses in training and errant policy applications with their chain of command without the fear that such discussion will subject them to liability. In fact, the public has a critical interest in encouraging this type of open dialogue between those charged with carrying out the policies and those making the policies. These candid statements, which are compelled, should be protected from disclosure so that they can assist in the deliberative process with the goal of achieving better law enforcement policies. The public cannot, on the one hand, give the hue and cry regarding the error of police policy, techniques, and procedures while on the other hand impeding the very process which allows for the improvement or changing of those law enforcement techniques. The public cannot have it both ways.

Here, Ofc. Lopera was serving the community as a uniformed police officer assigned to Operation Safe Strip. The series of events which precipitated this lawsuit were not initiated by Ofc.

2

1 Lopera but rather were initiated by an individual who was, in fact, committing a crime (by being under the influence of an illegal controlled substance, meth) when he approached Ofc. Lopera. Regardless of the cause, no one disputes that the results of Mr. Farmer's interactions with Ofc. Lopera were tragic. The question presented by the instant Motion is whether or not there is a process through which the police department and its officers can candidly discuss both the factual underpinnings of a use of force event, along with the application of the use of force techniques approved by the Las Vegas Metropolitan Police Department.

More specifically, the Court must decide whether there is a procedure that is privileged and protected from litigation discovery where a police officer can candidly discuss what technique worked, what technique did not work and what the officer was thinking at the time while under extreme stress and required to make split second decisions. If Ofc. Lopera's CIRT Statement is compelled to be produced, then the goal of the Deliberative Process Privilege is crippled because every police officer will know that his or her compelled statement may subject to them personal civil liability which can be devastating to them and their family. Under that shadow, the officers participating in the CIRT process will naturally offer less information for fear that something they say will later be used against them. Conversely, by holding that Ofc. Lopera's CIRT Statement is privileged and protected by the Deliberative Process Privilege, the public reaps the benefit of having its law enforcement policies, techniques, and procedures continually refined and improved because the CIRT process is protected.

*Second,* through her counsel, Trinita has been openly and actively lobbying for the United States to bring criminal charges against Ofc. Lopera. ECF No. 22-2, Callahan, Bryan and Katherine Jarvis, *Family Hopes for Federal Charges in Chokehold death after Ex-Officer not Indicted* (KTNV July 26, 2018) ("'We hope the FBI will meet with the U.S. Attorney and decide to charge officer Lopera,' Andre Lagomarsino said.") In fact, Trinita has started a website on which she is posting information and materials related to this lawsuit. *See* https://www.tashiibrownmovement.org/ (last accessed Jan. 4, 2019). Ofc. Lopera has the very real concern that if Trinita were to obtain his CIRT Statement, Trinita would post or comment on it online or attempt to use it to persuade the United States to pursue criminal charges.

1   *Third*, Ofc. Lopera cannot testify in this case to preserve his Fifth Amendment right against self-incrimination. *See, e.g.*, ECF No. 35, Order, Oct. 31, 2018, at 7:18-20 (wherein this Court stayed all discovery to Ofc. Lopera). If Trinita were to obtain and use his CIRT Statement, then Ofc. Lopera would be unable to testify in his defense to correct or clarify anything in the CIRT Statement.

*Fourth*, during the interview, CIRT used audio and video to question Ofc. Lopera. Without the same audio and video clips, Ofc. Lopera's answers to those questions would be confusing and subject to misinterpretation. Thus, it is unjust for Ofc. Lopera to have these ambiguities used against him. For these reasons, this Court should deny Trinita's Motion with respect to Ofc. Lopera's CIRT Statement. In the alternative, if this Court were inclined to grant the Motion, then Ofc. Lopera requests that the Court enter a protective order providing "attorney's eyes only" protection to the CIRT Statement. Such protection is necessary to ensure that the CIRT statement is not misused.

DATED January 4, 2019

MCNUTT LAW FIRM, P.C.

*/s/ Dan McNutt*
Daniel R. McNutt, Esq., Bar No. 7815
Matthew C. Wolf, Esq., Bar No. 10801
625 South Eighth Street
Las Vegas, Nevada 89101
*Counsel for Defendant Kenneth Lopera*

**CERTIFICATE OF SERVICE**

The undersigned is an employee of McNutt Law Firm, P.C. and certifies that under Fed. R. Civ. P. 5, on January 4, 2019, I served a true and correct copy of **DEFENDANT OFFICER KENNETH LOPERA'S OPPOSITION TO PLAINTIFF'S DECEMBER 21, 2018 MOTION TO COMPEL (ECF NO. 38)** by mailing a copy by United States Postal Service, postage prepaid, via email, or via electronic mail through the United States District Court's CM/ECF system to the following at their last known address or e-mail:

Andre Lagomarsino, Esq.
LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy, Suite 241
Henderson, Nevada 89052
aml@Lagomarsinolaw.com
*Counsel for Plaintiff*

Craig R. Anderson, Esq.
Tom W. Stewart, Esq.
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
canderson@maclaw.com
tstewart@maclaw.com
*Counsel for Defendants LVMPD, Crumrine, Tran, and Flores*

            */s/ Lisa Heller*
            An Employee of McNutt Law Firm, P.C.