**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
3005 W. Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
*Attorney for Plaintiff Trinita Farmer*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRINITA FARMER, individually,<br><br>    Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER KENNETH LOPERA, individually and in his Official Capacity; SERGEANT TRAVIS CRUMRINE, individually and in his Official Capacity; OFFICER MICHAEL TRAN, individually and in his Official Capacity; OFFICER MICHAEL FLORES, individually and in his Official Capacity,<br><br>    Defendants. | CASE NO: 2:18-cv-00860-GMN-VCF<br><br>**PLAINTIFF'S OBJECTION TO MAGISTRATE FERENBACH'S ORDER (ECF No. 48) PURSUANT TO LR IB 3-1(a)** |

COMES NOW Plaintiff TRINITA FARMER, by and through her attorney, ANDRE M. LAGOMARSINO, ESQ., and hereby submits *Plaintiff's Objection to Magistrate Ferenbach's Order (ECF No. 48) Pursuant to LR IB 3-1(a)*. This objection is based on the papers and pleadings on file, the points and authorities contained herein, exhibits attached hereto, and any oral argument this Court should wish to entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This civil rights case arises from an incident involving the Las Vegas Metropolitan Police Department where an unarmed and defenseless man was unnecessarily and unconstitutionally killed by its officers.

On Mother's Day, May 14, 2017, Tashii Farmer, peacefully approached Officer Lopera and Officer Lif inside The Venetian Resort Hotel Casino (hereinafter "The Venetian"). He displayed

symptoms of mental confusion. There was no indication that Tashii caused any harm to any persons, caused any property damage, or that he presented an immediate threat of death or serious bodily injury to anyone, including Officer Lopera and Officer Lif. Tashii was completely <u>unarmed</u>.

During this time, Tashii became frightened and attempted to run from the officers, when he was chased by Officer Lopera through a hallway and to an outside roadway on The Venetian property. Once Officer Lopera caught up to Tashii outside, Defendant Lopera deployed and discharged his Electronic Control Device ("ECD"), *i.e.* Taser, on Tashii a total of seven (7) times causing neuromuscular incapacitation ("NMI"). He also struck Tashii at least twelve (12) times in his head and face without allowing Tashii any reasonable opportunity to comply with commands. Officer Lopera then choked Tashii <u>for</u> <u>over</u> <u>a</u> <u>minute</u> while Sergeant Crumrine and Officers Flores and Tran enabled the choke hold by not only screaming and cursing at Tashii, but by holding him while Lopera was killing him. Tashii was rendered unconscious from the beating and died as a result. Tashii was just forty (40) years old when he was killed by Metro.

Defendant LVMPD has maintained that the CIRT Report and Review Board Minutes and Documents, which are referred to by Defendant LVMPD as the CIRP Documents, are "intertwined" and designed with the Deliberative Process Privilege in mind. However, after Plaintiff's initial Motion was filed, it became clear through the deposition testimony of LVMPD's Lead CIRT Investigator who drafted the report, Detective Kasey Kirkegard, that the primary purpose of a CIRT Report is <u>not</u> to make policy recommendations and changes, but rather to draw conclusions and outcomes of this incident to assess the culpability of its officers. This Court has clearly adopted the Ninth Circuit's view that **facts and evidence** are not protected by the deliberative process privilege. *Mazzeo v. Gibbons*, 2:08-CV-01387-RLH, 2010 WL 3036441 *6 (D. Nev. July 27, 2010) (citing *FTC v. Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)) (Emphasis added). In addition, Detective Kirkegard testified that she had never heard of the Deliberative Process Privilege, further refuting Defendant LVMPD's argument concerning the application of the Deliberative Process Privilege to its CIRT Report and CIRP Documents.

Moreover, to qualify for non-disclosure under the Deliberative Process Privilege, the requested documents must be proven to be both predecisional and deliberative. *DR Partners v. Board*

*of County Com'rs of Clark County*, 6 P.3d 465, 469 (2000). The latter ("deliberative") does not apply to Defendant LVMPD's CIRT Report. In order to show that a document is deliberative, "the document must be deliberative in nature, containing opinions and recommendations, or advice about agency policies." *FTC*, 742 F.2d at 1161. It is clear that the CIRT Report is not deliberative. While the CIRT Report may contain analysis of the policies that Defendant LVMPD already has in place, it does not contain any recommendations or opinions regarding a new policy or changes in a policy. As discussed in detail below, Detective Kirkegard's testimony illustrates this.

Plaintiff is bringing this suit against Defendant LVMPD, in large part, based on the policies it has in place and the violations of those policies. These policies and the CIRT Report including them are directly relevant to Plaintiff's *Monell* claim. Under *Monell*, a municipality can be liable under § 1983 where its policies are the "moving force [behind] the constitutional violation." *Monell v. Department of Social Services of City of New York*, 98 S.Ct. 2018, 2037 (1978).

Magistrate Ferenbach's ruling has deprived Plaintiff of these policies, and analysis of the same, through the redactions made in the CIRT Report. Magistrate Ferenbach's findings also fail to properly assess these matters by failing to cite to any cases and by failing to analyze any of the caselaw cited by any of the parties' in their briefs. The highly redacted CIRT Report that the Plaintiff has been provided excludes seemingly any reference to policies and leaves Plaintiff's *Monell* claim and Due Process right in jeopardy as it deprives Plaintiff of the opportunity to fully and fairly litigate the *Monell* claim

## II.   RELEVANT PROCEDURAL HISTORY

The Rule 26 Conference in the above-referenced matter was held on October 10, 2018 and the Discovery Plan and Scheduling Order was entered by the Court on December 12, 2018 (ECF No. 23).

On October 2, 2018, Plaintiff served Defendant Las Vegas Metropolitan Police Department ("LVMPD"), Plaintiff's First Set of Requests for Production of Documents. *See* **Exhibit 1, Plaintiff's First Set of Requests for Production of Documents to Defendant LVMPD**.

On October 31, 2018, the Court entered a Protective Order (ECF No. 35), with an order of confidentiality ascribed to a broad class of documents in this litigation.

Defendant LVMPD served its Responses to Plaintiff's First Set of Requests for Production of Documents, respectively, on November 16, 2018. *See* **Exhibit 2, Defendant LVMPD Responses to Plaintiff's First Set of Requests for Production of Documents**.

The undersigned met and conferred telephonically with Craig R. Anderson, Esq., counsel for Defendant LVMPD, on November 29, 2018, pursuant to LR 37-1(a), discussing extending the discovery deadlines sixty (60) days, the production of Defendant Lopera's CIRT Statement, and Defendant LVMPD's Responses to Plaintiff's First Set of Requests for Production Nos. 6, 7, 10, 14, 16, 20, 23, 24, 45, 50, 46, & 47[1]. *See* **Exhibit 3, Post Meet and Confer Correspondence with Craig Anderson, Esq.**

Plaintiff's counsel additionally sent a correspondence to Defendant Lopera's counsel, Daniel R. McNutt, Esq., on December 5, 2018, requesting to meet and confer on December 10, 2018 to discuss the production of Defendant Lopera's CIRT Statement and extending the discovery deadlines sixty (60) days. Plaintiff's counsel requested the meet and confer to take place during a deposition break of Defendant Crumrine's deposition, as a court reporter would be present and in the event that Plaintiff would need to file a motion before the Court. *See* **Exhibit 4, Request to Meet and Confer with Daniel McNutt, Esq.**

Defendant LVMPD served its First Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents, on December 13, 2018. *See* **Exhibit 5, Defendant LVMPD First Supplement to Responses to Plaintiff's First Set of Requests for Production Documents**.

As a result of the number of issues still being left unresolved, Plaintiff filed a Motion to Compel Defendant LVMPD's (1) CIRT Report; (2) CIRT Statement of Kenneth Lopera; and (3) Review Board Minutes and Documents on December 21, 2018 (ECF No. 38). Due to Defendant Lopera exercising his Fifth Amendment right with respect to his CIRT statement, Defendants both filed separate Oppositions to Plaintiff's Motion addressing the specific items that pertained to each of them. Defendant LVMPD filed its Opposition on January 3, 2019 (ECF No. 40), and Defendant Lopera filed his Opposition on January 4, 2019 (ECF No. 41). Plaintiff filed a Reply to Defendant

---

[1] Only Request for Production No(s). 6 and 7 are at issue in the instant Motion.

LVMPD's Opposition on January 10, 2019 (ECF No. 42) and a separate Reply to Defendant Lopera's Opposition on January 11, 2019 (ECF No. 43).

A hearing on the Motion was held on February 19, 2019, wherein the parties presented argument. The Court issued an Order granting and denying Plaintiff's Motion in part (ECF No. 48). A transcript of the hearing has been filed with the Court (ECF No. 50).

### III.   SUMMARY OF ARGUMENT ON OBJECTION

As argued more specifically below, Plaintiff objects to Magistrate Ferenbach's order on three (3) grounds: (1) Magistrate Ferenbach's conclusion that the Deliberative Process Privilege applies to the CIRT Report is clear error because Ms. Kirkegard's testimony clearly illustrates that the privilege does not apply. Specifically, Ms. Kirkegard's testimony illustrates that CIRT Reports are based on current policy using the **facts and evidence** of a case and not for the purpose of making recommendations or opinions for new policy or policy changes; (2) Magistrate Ferenbach's conclusion failed to take into account Defendant LVMPD's policies and policies violations, which are extremely relevant and important to Plaintiff's *Monell* claim; and (3) Magistrate Ferenbach's conclusions do not take into account, or cite to, any cases in his ruling, nor do his findings undergo any analysis of the caselaw that was cited to by any of the parties.

### IV.   APPLICABLE STANDARD

A Court may set aside the order of a magistrate judge regarding a non-dispositive pretrial matter if the findings or conclusions are "clearly erroneous or contrary to law." *Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603, 606 (D. Nev. 2005) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). Under the Local Rules, "[a] district judge may reconsider any pretrial matter referred to a magistrate judge …where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." L.R. IB 3-1(a).

Pursuant to Local Rule IB 3-1(b), a district judge may affirm, reverse, or modify, in whole or in part, the ruling made by the magistrate judge, and may also remand the same to the magistrate judge with instructions. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Thus, a district court may only set aside a magistrate judge's determination if it finds the order to be clearly erroneous or contrary to law.

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Garity v. Donahoe*, No. 2:11-cv-01805-MMD-PA, 2014 WL 547760 at *2 (D. Nev. 2014) (citing *Conant v. McCoffey*, C 97-0139, 1998 WL 164946, at *2 (N.D. Cal. 1998).

## V.   SPECIFIC OBJECTIONS

### A. Magistrate Ferenbach's Determination That Deliberative Process Privilege Applies to the CIRT Report is Clearly Erroneous Because Detective Kirkegard's Testimony Clearly Illustrates That While a CIRT Report May Analyze Policy, it in no Way is Made For The Purpose of Making Recommendations or Opinions For New Policy or Policy Changes.

Magistrate Ferenbach held that:

"That part, to me, is -- clearly falls in with the privilege.  You know, it has to do with the decisional process and the self-criticism and -- what are the terms for this?  The deliberative process and the decisional process.  That's the part of the work that I think's quite clearly privileged.  I guess I could say without invading that privilege that basically it takes the factual stuff that I am ordering be disclosed, and it just analyzes it.  So it's not like -- I think it holds out what's supposed to be protected by the privilege."

…

"It's tough, you know, as the -- the tension that's created as Mr. McNutt talked about and also you.  I know -- because the privilege and then the importance of -- there may be certain admissions that might be in there and the evaluative process, **but I'm not convinced that, you know, kind of going through and saying, well, if they changed the policy, yeah, that will be privileged.  But if they -- if they do all the analysis and  don't change the policy, then that's not privileged, I just don't know.  I think I have to protect the process.**"

(ECF No. 50) (internal citations omitted, emphasis added).

Magistrate Ferenbach's recommendation is clearly erroneous, as "**facts and evidence** are not protected by the deliberative process privilege." *Mazzeo*, 2:08-CV-01387-RLH, 2010 WL 3036441 at *6 (citing *FTC,* 742 F.2d at 1161). In addition, the Deliberative Process Privilege does not apply because a CIRT Report is not deliberative in nature as it contains no "opinions and recommendations, or advice about agency policies." *FTC*, 742 F.2d at 1161.

…

Ms. Kirkegard's testimony clearly illustrates this. Her testimony explains that a CIRT Report is not made for the purpose of creating policy change, but rather to draw conclusions and outcomes of an incident to assess the culpability of officers on the facts and evidence. Specifically Ms. Kirkegard testified that:

> Q.  Were you ever promised by anybody that your investigation in this case would remain completely confidential?
>
> A.  Completely confidential?
>
> Q.  Yeah.
>
> A.  No.
>
> Q.  Did you ever promise any witnesses that their statements would be completely confidential?
>
> A.   No, because in *Garity* it tells them that their witness statements can be used against Officer Lopera in the court.
>
> Q.  Okay.  Were you part of the deliberation process by the board as to whether any policies were violated?
>
> A.  No.  I was not.
>
> Q.  Have you ever heard of something called the deliberative -- deliberate process privilege?
>
> A.  No.

**Exhibit 6, Deposition Transcript of Kasey Kirkegard at 140:1-18.**

In addition, Ms. Kirkegard further testified that "so how it works is when we do the Use of Force Board, they roll right into our tactical review, which is our conclusions. The board goes and votes on those conclusions (**Exhibit 6 at 37:24-25, 38:1-2**). Ms. Kirkegard also testified on multiple occasions about the goal of CIRT Reports, stating they "come up with conclusions." (**Exhibit 6 at 90:3-4, 93:20-21**). Clearly, based on Ms. Kirkegard's testimony, a CIRT Report can in no way be confused with providing "opinions, recommendations or advice about agency policies." Therefore, Magistrate Ferenbach's ruling is based on clear error as it gives no explanation for why the privilege should apply based on caselaw and is contrary to Ms. Kirkegard's testimony.

…

### B. Magistrate Ferenbach's Conclusion Failed to Take Into Account Defendant LVMPD's Policies and Policy Violations, Which are Extremely Relevant and Important to Plaintiff's *Monell* Claim

The CIRT Report is highly relevant to Plaintiff's claims of liability against Defendant LVMPD. As discussed above, under *Monell*, a municipality can be liable under § 1983 where its policies are the "moving force [behind] the constitutional violation." *Monell*, 98 S.Ct. at 2037. Here, the CIRT Report and CIRP documents are clearly relevant in assessing liability in this case for Defendant LVMPD's use of force, failure to intervene, and failure to train and supervise under *Monell*. Moreover, it is anticipated that Defendant LVMPD's CIRT Report provides admissions regarding these issues.

Magistrate Ferenbach's erroneous decision to redact a large portion of the CIRT Report has left Plaintiff <u>completely in the dark</u> in regards to what was actually redacted on the report. This extremely hinders and jeopardizes Plaintiff's ability to fully and fairly litigate her *Monell* claim, as the policy violations (not policy changes) addressed in the CIRT Report likely to have valuable information in regard to this claim. By redacting the CIRT Report without evening allowing counsel to review and assess the report, deprives Plaintiff of a full and fair opportunity to litigate the issue.

### C. Magistrate Ferenbach's Conclusions do not Take Into Account or Cite to any Cases in His Ruling, nor Does His Ruling Undergo any Analysis of the Caselaw That was Cited to by any of Parties.

In this case, Magistrate Ferenbach failed to cite to any cases in making his determination about the Deliberative Process Privilege and why it allegedly applied to certain portions of the CIRT Report. The parties were left with a very general explanation of his findings. Plaintiff cited to a number of cases in her briefing explaining the Deliberative Process Privilege and the analysis for it. Magistrate Ferenbach did not address those cases, or that analysis, nor does he address the cases made by the other parties. Plaintiff is attacking Defendant LVMPD based on their policies and violations of those policies. There has been seemingly no specific explanation for why the CIRT Report was redacted the way it was. It is vital to Plaintiff's *Monell* claim to assess the policies and policy violations of Defendant LVMPD. Magistrate Ferenbach's redaction of the CIRT Report deprives Plaintiff of the information needed to assess this issue without just explanation.

…

## VI. CONCLUSION

Most respectfully, Magistrate Ferenbach's decision to broadly redact the CIRT Report is clear error, and the Magistrate's recommendation should not be adopted by this Court.

DATED this 5th day of March, 2019.

RESPECTFULLY SUBMITTED,

**LAGOMARSINO LAW**

__/s/ Andre M. Lagomarsino__
ANDRE M. LAGOMARSINO, ESQ. (#6711)
3005 West Horizon Ridge Parkway, Suite 241
Henderson, Nevada 89052
*Attorney for Plaintiff Trinita Farmer*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 5th day of March, 2019, I served a true copy of the foregoing *Plaintiff's Objection to Magistrate Ferenbach's Order (ECF No. 48) Pursuant to LR IB 3-1(a)* using the CM/ECF electronic filing system, which will send an electronic copy of this filing to the following counsel of record:

MCNUTT LAW FIRM, P.C.
Attn: Daniel R. McNutt, Esq.
625 South 8th Street
Las Vegas, Nevada 89101
Fax: 702.384.5529
*Attorney for Defendant Kenneth Lopera*

MARQUIS AURBACH COFFING
Attn: Craig R. Anderson, Esq.
Attn: Tom W. Stewart, Esq.
10001 Park Run Drive
Las Vegas, Nevada 89145
Fax: 702.382.5816
*Attorneys for Defendants LVMPD, Crumrine, Tran, and Flores*

_____/s/ Stephanie Moore_____
An Employee of Lagomarsino Law