**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
3005 W. Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
*Attorney for Plaintiff Trinita Farmer*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRINITA FARMER, individually,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; KENNETH LOPERA, individually; TRAVIS CRUMRINE, individually; MICHAEL FLORES, individually,<br><br>Defendants. | CASE NO: 2:18-cv-00860-GMN-VCF<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT (ECF NO. 70)** |

COMES NOW Plaintiff, by and through her attorney, ANDRE M. LAGOMARSINO, ESQ., and submits *Plaintiff's Reply in Support of her Motion for Summary Judgment (ECF. No 70).*[1]

DATED this 22nd day of July, 2019.

RESPECTFULLY SUBMITTED,

**LAGOMARSINO LAW**

  /s/ Andre Lagomarsino
ANDRE M. LAGOMARSINO, ESQ. (#6711)
3005 West Horizon Ridge Parkway, Suite 241
Las Vegas, Nevada 89052
aml@lagomarsinolaw.com
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorney for Plaintiff Trinita Farmer*

---

[1] The undersigned apologizes for filing this Reply at a late hour. Defendant Lopera's counsel refused to grant Plaintiff an extension to file this brief. *See* Exhibit 1, Correspondence between counsel. Plaintiff's counsel previously stipulated to allow Defendant Lopera a multiple-week extension of time to file a response to Plaintiff's First Amended Complaint. *See* Exhibit 2, Stipulation (ECF No. 6). Lopera's counsel is now asking the Court to allow him to disregard his own deadline to file an Answer.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Currently before the Court is Plaintiff's Motion for Summary Judgment. (ECF No. 69). Defendant Lopera has filed an Opposition. (ECF No. 70). Four (4) days later, Defendant LVMPD filed a substantive Joinder to Lopera's Opposition. (ECF No. 71). This constitutes Plaintiff's Reply to Defendant Lopera's Opposition to Plaintiff's Motion for Summary Judgment. Plaintiff will file a separate Reply to LVMPD's Joinder.

Plaintiff's motion propounds three (3) arguments, to wit: (1) Defendant Lopera failed to comply with FRCP 15(a)(3); (2) allegations in a complaint are deemed admitted when not denied; and (3) matters admitted by Defendant Lopera require no proof. Consequently, Plaintiff argues that she is entitled to a grant of summary judgment.

Defendant Lopera's opposition brief altogether ignores FRCP 15(a)(3). There is no mention or analysis whatsoever of FRCP 15(a)(3) in his responsive brief. Lopera omits any mention of the District of Nevada, Federal Circuit, and other persuasive authority holding that the filing of a motion to dismiss does not toll the time for a defendant to file an answer to an amended complaint.

Defendant Lopera also ignores Plaintiff's remaining two (2) arguments. He does not, and cannot, argue that matters not denied are deemed admitted pursuant to FRCP 8(b)(6). Moreover, Lopera completely ignores the wealth of case authority cited by the Plaintiff to support the proposition that matters admitted by a Defendant require no proof from the Plaintiff.

Instead, Lopera repeatedly argues that Plaintiff "must prove," and "fail[ed] to present any competent, admissible evidence" in meeting her initial burden on summary judgment. (ECF No. 70 at 4). Defendant Lopera is wrong. Under Rule 56, Plaintiff only has to present that there is an absence of material fact and can do so by citing to "admissions." FRCP 56(c)(1)(A). Plaintiff cited her entire ninety-two (92) paragraph First Amended Complaint and Defendants' intentional failure to deny, and

therefore admit, the allegations in Plaintiff's First Amended Complaint. Defendant Lopera has never argued that, if taken as true, the Plaintiff's factual allegations do not support her three (3) causes of action.

Defendant Lopera also asserts that he is entitled to qualified immunity because he claims the law is not clearly established in regard to whether the Fourteenth Amendment protects the parent-adult child relationship. (ECF No. 70 at 1-2). This again is simply inaccurate. As this Court has previously held, the Ninth Circuit has "recognized a parent's right to a child's companionship without regard to the child's age." *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1169 (9th Cir. 2013); (ECF No. 35). Moreover, the fact that there was a circuit split does not mean that the law was not clear in this circuit prior to a Supreme Court decision. *Rivero v. City and Cty. Of San Francisco*, 316 F.3d 857, 865 (9th Cir. 2002). If the right is clearly established by Ninth Circuit case law, the inquiry is settled. *Boyd v. Benton Cty.*, 374 F.3d 773, 781 (9th Cir. 2004).

Next, Defendant Lopera argues that Rule 12 tolls the time to file for a Defendant to file an Answer. Defendant Lopera's argument misses the mark. Rule 15(a)(3), not Rule 12, governs the timelines for responding to amended complaints. *Coppola v. Prouix*, No. 3:11-CV-00074-LRH, 2012 WL 3068792, 2012 WL 3068792 at *6 (D. Nev., July 26, 2012) *Id.* at *6. Rule 15(a)(3) governs the time that Defendant Lopera had to file an Answer to Plaintiff's First Amended Complaint by unequivocally providing that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Defendant Lopera's Opposition ignores the fact that Rule 15(a)(3) governs amended complaints and bases its analysis under Rule 12(a)(4)(A), which tolls the time to file an answer for a complaint, but <u>not</u> for an amended complaint. (ECF No. 70 at 2-3). Defendant's citation to inapposite cases not involving amended complaints should be unpersuasive to the Court in this context, where the failure to answer an *amended* complaint is at issue.

Next, Defendant Lopera makes the argument that, because Plaintiff withdrew her motion for judgment on the pleadings, summary judgment should also be denied. Defendant Lopera cites no authority for this proposition. Plaintiff acknowledges the Court's opinion in *Local Joint Exec. Bd. of Las Vegas* to the effect that a Rule 12(c) motion (for judgment on the pleadings) is premature when an answer has not been filed. *Local Joint Exec. Bd. of Las Vegas v. Ramparts, Inc*., No. 2:12-CV-01963-GMN, 2013 WL 5437368, at *6 (D. Nev. Sept. 27, 2013). However, in that case, the Court instructed allowed the Plaintiff leave to file a motion for summary judgment to address the issue of the Defendant's failure to answer the complaint. *Id.* ("Accordingly, the Court will deny Petitioners' motion for judgment on the pleadings, with leave to re-file or to file a Rule 56 motion for summary judgment at the appropriate time.").  The Plaintiff in this case has followed the guidance provided by Her Honor in *Local Joint Exec. Bd. of Las Vegas v. Ramparts, Inc*. and has filed a motion for summary judgment nine (9) months after Defendants' answers were due, after Plaintiff repeatedly reminded Defendants to file their Answers and after initial expert disclosures. Defendant Lopera's reliance on *Local Joint Exec. Bd. of Las Vegas v. Ramparts, Inc*. does not support his Opposition in the summary judgment context here.

 This Court is duty-bound to apply the Federal Rules of Civil Procedure to all parties that appear before it. To the extent that there are cases and legal standards that interpret those rules, this Court should likewise apply the correct legal standards. When a Defendant fails to explain why they violated the rules and fails to apply the correct standards in interpreting those rules, said Defendant must be held accountable under the correct rules and standards. Here, this Court must hold Defendant Lopera accountable for repeatedly choosing to not filing his Answer, which means entering summary judgment against Defendant Lopera because he has admitted all facts alleged in the First Amended Complaint due to failure to timely file an Answer. FRCP 8(b)(6) and 15(a)(3).

For the foregoing reasons, and as detailed more fully below, Plaintiff's motion for summary judgment should be granted against Defendant Lopera.

## II. LEGAL ARGUMENT

### A. Defendant Lopera Fails to Address Plaintiff's Arguments

#### 1. Defendant Lopera Ignores and Deflects Plaintiff's Argument Regarding the Fact That he has Refused to File an Answer Pursuant to FRCP 15(a)(3).

In Plaintiff's Motion, in support of showing that Defendant has refused to Answer, it was specifically argued that Rule 15(a)(3) governed the timeline for responding to amended complaints. (ECF No. 69 at 6). Defendant Lopera ignored this argument and instead solely relies on Rule 12(a)(4)(A), which governs the timeline for responding to complaints, not amended complaints. (*See* ECF No. 70 at 2:23-24). In fact, Defendant Lopera's Opposition fails to make any mention of Rule 15 whatsoever. (*See generally* ECF No. 70).

#### 2. Defendant Lopera Ignores Plaintiff's Argument Regarding the Fact That Allegations in a Complaint are Deemed Admitted When Not Denied.

Defendant Lopera did not address Plaintiff's argument that, because Defendant Lopera has not filed an Answer denying the allegation in Plaintiff's First Amended Complaint, the allegations are deemed admitted pursuant to FRCP 8(b)(6). (*See generally* ECF No. 70). While Defendant Lopera acknowledges Plaintiff's argument that she believes the allegations in her First Amended Complaint should be admitted as a matter law, he does nothing to refute this fact. *Id*. Defendant does not even reference FRCP 8(b)(6) in his Opposition. *Id*. Instead, Defendant Lopera attempts to make hay out Plaintiff's withdrawn motion for judgment on the pleadings, and argues that the motion judgment on pleading and Plaintiff's current summary judgment motion are "frivolous." (*See* ECF No. 70 at 2:21-22). This is clearly not sufficient to refute Plaintiff's argument.

#### 3. Defendant Lopera Ignores Plaintiff's Argument Regarding the Fact That Matters Not Denied by Defendants in Pleadings Require no Proof nor Finding by the Plaintiff.

Defendant Lopera also failed to address Plaintiff's last argument made in her Motion that matters not denied by defendants in pleadings require no proof nor finding by the Plaintiff. (ECF No. 69 at 7). Instead, Defendant Lopera again incorrectly relies on Rule 12(a)(4)(A) in an attempt to

preclude the facts in Plaintiff's First Amended Complaint from being deemed admitted. (See ECF No. 70 at 4:17-18). Defendant Lopera does not address his failure to deny Plaintiff's allegations. *Id*. Thus, Plaintiff does not have to show proof nor finding of fact in the instant case because the allegations in the Complaint were admitted by Defendant Lopera's failure to Answer. 8(b)(6); *Fontes v. Porter*, 156 F.2d 956, 957 (9th Cir. 1946).

### B. *Local Joint Exec. Bd. of Las Vegas v. Ramparts, Inc.* Does not Support Defendant Lopera's Argument.

Defendant Lopera's Opposition states "Ofc. Lopera **educated** Ms. Farmer on the fact that her motion for judgment on the pleadings was procedurally improper under Rule 12(a)(4)(A) and this Court's ruling in *Local Joint Exec. Bd. of Las Vegas v. Ramparts, Inc.*, No. 2:12-CV-01963-GMN, 2013 WL 5437368 (D. Nev. Sept. 27, 2013)." (ECF No. 70 at 2). Defendant Lopera's counsel frequently attempts to portray Plaintiff's counsel as uneducated by repeatedly stating that he does or does not need "educate" Plaintiff's counsel. *See* ECF No. 70, page 2, lines 6-8 (In his opposition, "Ofc. Lopera educated Ms. Farmer on the fact that her motion for judgment on the pleadings was procedurally improper under Rule 12(a)(4)(A) and this Court's ruling in *Local Joint Exec. Bd. of Las Vegas v. Ramparts, Inc*., No. 2:12-CV-01963-GMN, 2013 WL 5437368 (D. Nev. Sept. 27, 2013)"); Exhibit 3, Deposition Transcript of Peter Infantino at 141:19-20 ("I'm not here to educate you on how to ask questions"). Personal attacks on counsel should not be condoned here. More importantly, however, Lopera's argument regarding judgment on the pleadings does not carry the day in a summary judgment dispute.

Lopera repeats the same misguided argument that Rule 12(a)(4)(A) governs the instant case and that he is under no obligation to file answers while Defendants' Rule 12(b)(6) motion is pending. Defendant Lopera is simply incorrect. Defendant Lopera completely ignores Plaintiff's argument and the plain language of Rule 15(a)(3), which as referenced above, governs the timeline for responding to amended pleadings in this case.

Moreover, Defendant Lopera's analysis of *Local Joint Exec. Bd. of Las Vegas v. Ramparts, Inc.*, No. 2:12-CV-01963-GMN, 2013 WL 5437368 (D. Nev. Sept. 27, 2013) is misguided and fails to support his argument in the instant matter. In *Local Joint Exec. Bd. of Las Vegas*, the Petitioner's filed a complaint, not an amended complaint. *See Local Joint Exec. Bd. of Las Vegas*, 2013 WL 5437368, at *5 ("Petitioners' 12(c) motion appeared to confuse and conflate a motion for judgment on pleading as to their own **complaint**…"). (bold emphasis supplied).

Here, unlike the court in *Local Joint Exec. Bd. of Las Vegas*, Plaintiff is arguing that because she filed an *amended* complaint and not just a complaint in the instant matter, Rule 15(a)(3) governs amended pleadings not Rule 12(a)(4)(A). Defendant Lopera's analysis relies on *Local Joint Exec. Bd. of Las Vegas*, which addresses responsive pleadings to a complaint under Rule 12, but not to an amended complaint under Rule 15, like the instant case. Defendant Lopera fails to realize that there are different responsive pleading requirements under Rule 12 and Rule 15 and bases his argument on *Local Joint Exec. Bd. of Las Vegas*, which does not apply to the instant matter, as Rule 12(a)(4)(A) does not apply to the facts of this case.

Further, the Court in *Local Joint Exec. Bd. of Las Vegas* noted that summary judgment would be appropriate on the pleadings, which is why Plaintiff withdrew her judgment on the pleadings, and re-filed the motion as a Rule 56 summary judgment motion. In *Local Joint Exec. Bd. of Las Vegas*, the Petitioners did not file a responsive pleading and the Court found no basis to conclude that a responsive pleading was not required, and therefore the pleadings were not closed. *Id.* at *6. The Court further held that this procedural obstacle to disposition of a Rule 12(c) motion was particularly evident where consideration of the merits requires the Court to consider matters outside the pleadings, which would require the Court to consider Petitioners' Rule 12(c) motion as one for summary judgment under Rule 56. *Id.* Accordingly, the Court denied Petitioners' motion for judgment on the pleadings, with leave to re-file or to file a Rule 56 motion for summary judgment at the appropriate time. *Id.*

Here, pursuant to the holding in *Local Joint Exec. Bd. of Las Vegas*, Plaintiff withdrew her Rule 12(c) motion due to Defendants' failure to file an answer to the amended complaint. Plaintiff realized that without any responsive pleading from the Defendants, the Court could not "evaluate and render a final judgment on the merits" as would be necessary for a Rule 12(c) motion. *See Id.* at *6 (Without any responsive pleading from Petitioners, the Court cannot evaluate and render a final judgment on the merits of Ramparts' counterclaims as would be necessary for such a motion). As such, *Local Joint Exec. Bd. of Las Vegas*, does not apply to the instant matter because Plaintiff made a Rule 56 motion for summary judgment not a Rule 12 motion to dismiss.

### C. *Coppola v. Prouix* Does not Support Defendant Lopera's Argument.

Defendant Lopera selectively, and minimally, cite to *Coppola*, 2012 WL 3068792 at *6 (D. Nev., July 26, 2012) for the proposition that no default may be entered if a party has filed a response indicating its intent to defend the action. (ECF No. 70 at 3). However, a closer examination of *Coppola* clearly reveals that the case does not help Defendant Lopera here at all and is distinguished from the instant case based on the procedural history and arguments made to the court in that case.

In *Coppola*, the plaintiff filed a Complaint, a First Amended Complaint and, later, a Second Amended Complaint. *Coppola*, 2012 WL 3068792 at 7. The defendants *Coppola* did not file an Answer to the Second Amended Complaint. *Id*. However, unlike Defendant Lopera in this case, the defendants in *Coppola* filed an Answer to the First Amended Complaint in which they denied many of the factual allegations in the First Amended Complaint. *Id*. Likewise, with respect to the Second Amended Complaint, the defendants in *Coppola*, unlike Defendant Lopera in this case, filed a motion to dismiss or for partial summary judgment based on the allegations in the operative Second Amended Complaint. *Id*. District Court Judge Hicks also found an absence of dilatory conduct as an important reason to set aside the default. *Id*. The Coppola Court specifically held as follows:

> Here, despite failing to file an answer in response to Coppola's Second Amended Complaint, Defendants have indicated their clear intent to defend this action by, inter alia, previously filing an Answer (#10) denying much of the factual allegations in

Coppola's First Amended Complaint and by filing their currently pending Motion to Dismiss or for Partial Summary Judgment (#72) in response to the Second Amended Complaint. Entry of default and default judgment is therefore inappropriate at this time **and in the absence of further dilatory conduct**. Instead, Defendants shall be required to file an answer to the Second Amended Complaint within ten (10) days of the entry of this order.

*Id*. (bold emphasis supplied).

Here, *Coppola'*s factual scenario is unlike the present case, where Defendant Lopera has strategically not filed an Answer to Plaintiffs First Amended Complaint despite having been notified by Plaintiff multiple times to do so. (ECF No. 69 at Ex. 1 & 2).

Moreover, Defendant's Lopera has not indicated any intent to defend this action by not filing his Answer in the instant case. Moreover, Defendant Lopera's conduct to withhold filing an answer is intentionally dilatory and done so to gain a strategic advantage over the Plaintiff. Plaintiff has been unable to conduct any discovery against Defendant Lopera directly, depriving Plaintiff of the ability to get his position on the facts. Thus, the holding in *Coppola* does not support his argument that a default cannot be entered against Defendants while they have a pending Rule 12(b)(6) motion, as the cases are clearly distinguishable.

**1. Defendants' Rule 12 Motion Does not Toll the Time to File an Answer to an Amended Complaint.**

Defendant Lopera argues in his Opposition that Rule 12 applies here and he is not required to respond to the First Amended Complaint. (ECF No. 70). However, Defendant Lopera is mistaken because Rule 12 does not apply here and Defendant's failure to Answer means he admitted all of the allegations in the First Amended Complaint. FRCP 8(b)(6). Defendant Lopera has repeatedly ignored Plaintiff's argument and even ignores the holding in *Coppola*, a case which he cites in his Opposition, that Rule 12 does not toll the time to file an answer to an amended complaint. *Coppola* affirmed what the Plaintiff has argued in the instant case, and what the Defendants refused to admit anywhere in their Opposition, to wit: Rule 15(a)(3), not Rule 12, governs the timelines for responding to amended complaints. *Id*. at *6. The *Coppola* court specifically held that the "the filing of a motion

to dismiss does not extend the time for filing an answer to an amended complaint, at least in the circumstances here where the time for responding to the original complaint has already run." *Id.* (quoting *General Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (Fed.Cir.2007), as clarified on denial of rehearing, 495 F.3d 1378, 1380–81 (Fed.Cir.2007); *See Merdith v. Weilburg*, No. 3:13-cv-00277-RCJ-WGC, 2014 WL 3697111 at *3 (D. Nev. July 23, 2014) (holding that where a response is directed at an amended pleading, Rule 15(a)(3)'s 14–day deadline, rather than Rule 12's 21–day deadline, applies); *see also Jimena v. UBS AG Bank*, No. CV-F-07-367OWW/SKO, 2010 WL 2353531 at *3 (E.D. Cal. June 9, 2010) (holding Rule 15(a) sets the deadline for answering an amended pleading); *Berman v. Arlington Bank*, No. 12-CV-2888, 2013 BL 47271, at *6 (N.D. Ohio Feb. 22, 2013) (holding Rule 12(a) does not, however, govern responses to amended pleadings; Rule 15(a)(3) does, and under that Rule, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later.")

In addition, in *General Mills, Inc.,* 487 F.3d 1368 (Fed.Cir.2007), the Federal Circuit addressed defendant's contention that its counterclaim remained extant at least until the deadline for filing the amended answer, and that deadline had not yet passed when the district court entered judgment. The defendant argued that its timely filing of a motion to dismiss under Rule 12(b)(6), tolled the deadline for filing a responsive pleading until ten (10) days after the motion was ruled upon. 487 F.3d at 1376. The Federal Circuit ruled:

> The relevant tolling provision is found in Fed.R.Civ.P. 12(a) (4)(A). Although neither party cites authority that construes Rule 12(a)(4)(A)—and we have found none ourselves—by the terms of that rule, **the filing of a motion to dismiss does not extend the time for filing an answer to an amended complaint, at least in the circumstances here where the time for responding to the original complaint has already run.** Rule 12(a)(1)-(3) sets forth the deadlines for answering original complaints and cross-claims under various circumstances. Rule 12(a)(4) then provides that '[u]nless a different time is fixed by court order, the service of a motion permitted under this rule [including a Rule 12(b)(6) motion to dismiss] alters these periods of time so as to extend the deadline until a motion is ruled upon ... **However, the time for answering an amended complaint is not one of 'these periods of time.' Rather, the**

**deadline for responding to an amended complaint is established separately under Rule 15**: 'A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.'

*Id.* (bold emphasis supplied).

Defendant Lopera incorrectly relies and cites to cases that addresses the time to respond to a complaint under Rule 12, rather Rule 15. In *Kerr*, the court made its findings in regard to a complaint, not an amended complaint. *See Kerr v. U.S. Bank, N.A.*, No. 3:17-CV-00012-RCJ-VPC, 2017 WL 1393041 at *2. Moreover, in *Kay*, the court also made its findings in regard to just a complaint. *See Kay v. Summers*, No. CV-S-99-1723-KJD, 2000 WL 1902256, at *1 (finding the I.R.S. might also have imposed tax liens or levies, but the near-incoherence of the complaint makes this difficult to determine) (bold emphasis supplied).

Here, Defendant Lopera gives no interpretation or analysis for why Rule 12 should apply rather than Rule 15. In addition, Defendant Lopera completely fails to admit and address Plaintiff's argument that Rule 15 governs the timeliness for responding to amended pleadings. Defendant Lopera does not even mention Rule 15 in his Opposition. It is clear that the time for responding to the original complaint has already run. Thus, under Rule 15, the time for filing a motion to dismiss does not extend the time for filing an answer to an amended complaint. Moreover, the very case that Defendant Lopera cites, *Coppola*, refutes his position that he was not required to file his Answer due to the Defendants pending rule 12(b)(6) Motion. Thus, a Rule 12 motion does not toll the time to file an answer to an amended complaint.

. . . .

. . . .

. . . .

. . . .

. . . .

### D. Lopera Cannot Strategically Withhold an Answer to an Amended Complaint.

Defendant Lopera has not articulated a single legitimate reason as to why he has yet to file his Answer. This Court should not allow Defendant Lopera to strategically withhold his Answer in the instant case as it is severely prejudicial to the Plaintiff. In *Alvarado v. FedEx Corp.*, C 04-0098 SI, 2007, WL 127999 (D. Cal. 2007) the court granted the plaintiffs' motion to strike the defendants' late filed answers in a case that had even more litigation, discovery, and two (2) trials. *Id*. at *1. The Court specifically found that allowing an Answer to be filed at a late stage of litigation, in and of itself, is prejudice. *Id*. The *Alvarado* Court rejected the defendants' argument in that case that no prejudice exists, holding as follows: "[d]efendant states that all of the defenses asserted in the answer have been raised at some point during this litigation, and thus plaintiffs will not suffer any harm." *Id*.

Moreover, in one recent District of Nevada case, the Court likewise found prejudice when the answer was filed with much less delay than Defendant Lopera's delay thus far in the instant case. *Webster Capital Finance, Inc. v. Milt's Eagle, LLC*, 2:09-CV-01367-RLH-PAL, 2011 WL 1155440 at *3 (D. Nev. 2011). In *Webster Capital Finance, Inc.*, Chief Judge Hunt granted the Plaintiff's motion to strike defendant Milt's Eagle's late filed Answer to the Plaintiff's Second Amended Complaint because of the prejudice visited upon the plaintiff in that case. *Id*. On July 28, 2009, the plaintiff in *Webster* filed its original Complaint naming Milt's Eagle as a defendant. *Id*. at *1. Milt's Eagle secured a stay via bankruptcy during the litigation, but ultimately came out of bankruptcy. *Id*. After receiving leave of the Court to file a Second Amended Complaint naming defendant Milt's Eagle after it came out of bankruptcy, the plaintiff filed and served its Second Amended Complaint on Milt's Eagle. *Id*. Milt's Eagle filed its Answer four (4) weeks after the deadline without seeking leave to file a late Answer. *Id*. The plaintiff in *Webster* filed a motion to strike defendants' "improper and untimely Answer." *Id*.

Judge Hunt noted that Milt's Eagle failed to answer Plaintiff's allegations until four (4) weeks after the deadline to answer the Second Amended Complaint. *Id*. at *2. The Court also found allowing

"Milt's Eagle to assert defenses in light of defaults [to its sister companies who were co-defendants] would certainly prejudice Plaintiff at this late stage." *Id*.

Here, by holding back his Answer, and not revealing the information contained within his Answer, Defendant Lopera deprived Plaintiff of her only opportunity to get Defendant Lopera's position on the facts he would ultimately admit, or deny, and which affirmative defenses he would assert. Due to the Protective Order in place for Defendant Lopera, Plaintiff cannot conduct any written discovery on Defendant Lopera, nor can Plaintiff depose him, which also deprives Plaintiff's experts of their ability to fully assess Lopera's testimony under oath. (*See* ECF No. 26, Emergency Protective Order).

By Defendant Lopera strategically not filing his Answer it has severely prejudiced the Plaintiff. The Court here, like the court in *Alvarado*, should find that, when a "defendant has actually asserted new defenses, as plaintiffs claim, plaintiffs would be prejudiced by their late assertion." *Alvarado 2007,* WL 127999 at *1. Here, if Defendant Lopera were to file an Answer, it would contain all new defenses because Defendant Lopera never answered this matter.

Further, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988)). As the court in *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle* explained, in this context, the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *Id*. The court "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*; *See Budani v. Saipan Marine Tour, Inc.*, No.

99-16964., 2001 WL 1173242 at *3 (9th Cir. 2001) (The Ninth Circuit affirmed the district court's holding that defendants' default was entered when Defendants failed to file a timely answer or other response as a result of a deliberate strategy rather than mere oversight).

Here, it is apparent that Defendant Lopera has deliberately and strategically chosen to not file his Answer in this case. As stated in Plaintiff's Motion, Plaintiff's counsel requested on three (3) separate occasions that Defendant Lopera file an answer to Plaintiff's First Amended Complaint, explaining the prejudice it would cause Plaintiff if he did not file an Answer. (See ECF No. 69, Exhibit 1 & 2). Clearly, Defendant Lopera was informed by Plaintiff's counsel that he needed to file an Answer in this matter. Thus, Defendant Lopera can make no argument that he did not have notice that he needed to file his Answer under Rule 15. Still, despite these requests, Defendant Lopera has chosen not to file his Answer in this case. This strategical tactic to not file his Answer has left Plaintiff with the task of having to determine every fact in the case, which has severely prejudiced her. Moreover, this strategy to hide the ball by not answering is especially effective due to Plaintiff's inability to conduct any discovery directly on Defendant Lopera in this case. Plaintiff should not also be deprived of the ability to review an Answer by Defendant Lopera.

Further, on top of strategically withholding his Answer, Defendant Lopera has made every effort to gain an advantage in this litigation. For example, Defendant Lopera's refused to grant Plaintiff a two (2) week extension to file this Reply after Plaintiff's counsel informed Defendant Lopera's counsel of multiple depositions and a trip to New York was planned leading up to this deadline. This denial of the extension came after Plaintiff had previously granted Defendant Lopera a multiple week extension to file his Answer to Plaintiff's First Amended Complaint. On August 3, 2018, per Defendant Lopera's counsel request, Plaintiff's counsel stipulated to allow Defendant Lopera an extra few weeks until October 2, 2018 to file a response to the First Amended Complaint. (ECF No. 6). Under FRCP 15(a)(3), Defendant Lopera's Answer was originally due August 17, 2018. To date, Defendant Lopera has not filed an Answer to Plaintiff's First Amended Complaint.

**1. Failure by Defendant Lopera to file an Answer, Aside from Constituting an Admission to all Facts, has Prejudiced the Plaintiff and Increases the Cost of This Litigation.**

An answer is an important pleading. Jeffrey A. Jenkins, *The American Courts: A procedural Approach* 230 (2011). An answer is a type of pleading through which a party responds to claims, asserts, defenses, and makes any claims of its own. FRCP 7(a). The answer to a complaint serves to "apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail." *United States v. All Assets Held at Bank Julius Baer & Co.*, 664 F. Supp. 2d 97, 102 (D.D.C. 2009) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure § 1261* (3d ed. 2004)); *See Lopez v. U.S. Fidelity & Guar. Co.,* 18 F.R.D. 59, 15 Alaska 633 (D.C. Alaska 1955) (holding the purpose of Rule 8(b) regarding answers is to prevent surprise); *see also Winslow v. Nat'l Elec. Prod. Corp.*, 5 F.R.D. 126, 128 (W.D. Pa. 1946) (finding although an answer need not set forth evidence or disclose the names of the defendants' witnesses, an answer must contain a statement of sufficiently definite nature that the plaintiff will be informed of the defense he must be prepared to meet).

Once a plaintiff asserts a claim for relief, the defendant must timely file an answer or other pleading in response. FRCP 12(a)(1), (4). An answer must provide "particularized responses to the allegations made by a plaintiff in his complaint." *Cudney v. Sears, Roebuck & Co.*, 84 F. Supp. 2d 856, 857 n.2 (E.D. Mich. 2000). Every denial must "fairly respond to the substance of the allegation." FRCP 8(b)(2). Failure to do so may result in waiver. FRCP 8(b)(6). A party is required to admit allegations in the complaint. *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1029 (7th Cir. 1999). And if denying the allegation is considered to be in bad faith, the responding party may have the duty to do so. *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 805 (7th Cir. 2005) (citing *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 2005)). Moreover, the purpose of the requirement of pleading affirmative defenses is "to give the opposing party notice of [each] affirmative defense and

a chance to rebut it." *Zelenika v. Commonwealth Edison Co.*, No. 09 C 2946, 2012 WL 30005375, at *11 (N.D. Ill. July 23, 2012) (quoting *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005)). The general rule in federal court is that a party's failure to plead specifically any given affirmative defense will result in waiver of that defense. *Dollar v. Smithway Motor Xpress, Inc.*, 710 F.3d 798, 807 (8th Cir. 2013); *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 42 (2d Cir. 2009).

Lastly, answers "streamline litigation and save both public and private resources." Hon. Amy St. Eve & Michael A. Zuckerman, *The Forgotten Pleading*, 7 FCLR 1, 175 (2013). A failure to answer increases the cost of litigation for everyone. *Id.*

Here, to understand the strategy of Defendant Lopera, the Court must consider the importance of an answer to further illustrate how Defendant Lopera's failure to file an answer has severely prejudiced Plaintiff and significantly increased costs. The answer is an integral part of the case that allows the plaintiff the ability to see what positions the defendant is going take in response to their complaint. Specifically, in this case, it is of even more importance than normal due to Plaintiff's inability to conduct discovery directly on Defendant Lopera, as discussed above. (ECF No. 26). By Defendant Lopera executing his strategy to hide his admissions, denials and affirmative defenses, it is obvious that Lopera continues to play "hide the ball" and why Plaintiff has been severely prejudiced. However, it is also equally important to see how this strategy has significantly increased the costs of this litigation. Admissions and summary judgment are *designed* to save the parties increased costs and to streamline litigation. Summary judgment is an appropriate procedural vehicle to remedy Defendants' decision to withhold their Answer, despite being reminded three (3) times to file their Answer.

**V.    CONCLUSION**

Defendant Lopera has never argued that Plaintiff did not properly support her three (3) causes of action by not adequately pleading the facts and allegations in her First Amended Complaint.  The First Amended Complaint contains ninety-two (92) paragraphs that support three (3) causes of action.

(ECF No. 4). Defendants intentionally chose not to file an Answer, thus depriving Plaintiff the opportunity to assess Defendants' admissions, denials and affirmative defenses. As a result, Defendants' failure to deny Plaintiff's ninety-two (92) allegations constitutes a wholesale admission of those allegations.

As explained above, Defendant Opposition's does not attempt to justify why they violated the rules, failed to apply the correct standards in interpreting those rules, and failed to address all of the arguments made in Plaintiff's Motion.

The Court should not, *sua sponte*, help the Defendants either by making arguments for them that they have not made themselves. Such *sua sponte* introduction of legal argument and authority not cited by the parties is universally considered improper. Other courts agree: "[I]t is the parties' duty, not the courts', to present legal authority and arguments in support of a motion." *Hunt Optics & Imaging, Inc. v. Greene*, No. CIV.A. 10-503, 2010 WL 3303792, at *1 (W.D. Pa. Aug. 19, 2010); *see also* In re G*rand Jury Proceedings Dzikowich*, 620 F.Supp. 521, 524 (W.D. Wis. 1985) ("[I]t is the movant's burden to establish the grounds for [his] motion[,] not the court's"); *Africa v. Digulielmo*, 2004 WL 2360419, *31 (E.D. Pa. Oct. 20, 2004) ("[The] court will not conduct legal research on behalf of [a party] in order to determine whether there is [authority] to support [his argument]"); *Auto Owners Ins. Co. v. LA Oasis, Inc.*, 2005 WL 1313684, *24 (N.D. Ind. May 26, 2005) ("[C]ourts need not and indeed should not expend limited judicial resources in researching, refining, and otherwise fleshing out arguments the parties themselves do not adequately support[.]"); *Ligeri v. Rhode Island*, 2007 WL 3072061, *8 (D.R.I. Oct.19, 2007) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the Court to do [the litigant's] work, create the ossature for the argument, and put flesh on its bones.").

. . . .

. . . .

. . . .

Therefore, Plaintiff respectfully asks this Court to grant Plaintiff's motion for summary judgment against Defendant Lopera in its entirety.

DATED this 22nd day of July, 2019.

RESPECTFULLY SUBMITTED,

**LAGOMARSINO LAW**

__/s/ Andre Lagomarsino_____
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
3005 West Horizon Ridge Parkway, Suite 241
Las Vegas, Nevada 89052
*Attorney for Plaintiff Trinita Farmer*

### CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 22nd day of July, 2019, I served a true copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANT OFFICER KENNETH LOPERA'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 70)** on all parties to this action via electronic mail through the United States District Court's CM/ECF system to the following:

MCNUTT LAW FIRM, P.C.
Attn: Daniel R. McNutt, Esq.
*Attorney for Defendant Kenneth Lopera*

MARQUIS AURBACH COFFING
Attn: Craig R. Anderson, Esq.
Attn: Tom W. Stewart, Esq.
*Attorneys for Defendants LVMPD, Crumrine, Tran, and Flores*

*/s/ Stephanie N. Andersen*
_____
An Employee of Lagomarsino Law