# Exhibit U - LVMPD summary of all neck restraint investigations for a five-year period

Cases Involving the Neck

| NUMBER | POLICY/REGULATION/ PROCEDURE | P# | DATE DISCIPLINE SIGNED/ PURGE DT | NAME OF EMPLOYEE | WRITTEN REPRIMAND | TRANSFER | SUSPENSION (HOURS) | DEMOTED | TERMINATION RECOMMENDED | RESIGNED IN LIEU OF | INCIDENT DATE AND SUMMARY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/002.00 | Use of Force | 8862 | 20150205 | [redacted] | X | | | | | | CO was assisting with placing an inmate into the restraint chair. Before the inmate could be restrained and a spit mask applied, the inmate spit on CO's face and onto the forehead of another officer. CO inappropriately placed his hand on the front lower portion of the inmate's neck and closed his grip. |
| 6/002.00 | Use of Force | 6876 | 20140213 20140108 | [redacted] | X | | | | | | CO was assigned to Justice Court when a non-compliant male was refusing his verbal commands and lawful orders to exit the courtroom in order for him to deescalate a potentially volatile situation. The inmate displayed active resistance when he spun away from CO's escort technique, forcing him to take control of inmate by placing him against the wall. However, CO's actions were not objectively reasonable when he threw the inmate to the ground, placed his hand around his neck momentarily and knee on his torso. CO then dragged the inmate out by his collar and belly chains to the adjoining room. |
| 6/002.00 | Use of Force | 7980 | 20120706 20120615 | [redacted] | X | | | | | | CO along with a group of officers escorted an inmate to a side cell and passed another inmate. After placing the inmate in the side cell, and passing the other inmate again, CO turned around and headed back towards the other inmate. In one fluid motion, CO walked up to the other inmate and placed both of his hands behind the inmates neck/head and grabbed hold of his shirt, pulled the inmate out of his chair, turned himself so he was behind the inmate, and started to escort him down the corridor leading to the side cells. The inmate appeared to be off balance as he was being escorted down the corridor, stumbled 25 to 30 feet before falling to the ground, and made a complaint of injury to his elbow. The inmate was then placed in handcuffs and put into a side cell with the help of responding officers. The inmate did not pose a threat nor could the CO explain the need for the use of force. CO did not complete a DSD Incident Report as required and as instructed to do so by his Sgt. |

| NUMBER | POLICY/REGULATION/ PROCEDURE | P# | DATE DISCIPLINE SIGNED/ PURGE DT | NAME OF EMPLOYEE | WRITTEN REPRIMAND | TRANSFER | SUSPENSION (HOURS) | DEMOTED | TERMINATION RECOMMENDED | RESIGNED IN LIEU OF | INCIDENT DATE AND SUMMARY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/002.00 | Use of Force | 9661 | 20160609 | ▬ | | | 40 | | | | PO and another officer attempted to take a male suspect into custody at the Miracle Mile Shops. A struggle ensued that transitioned to the ground. While on the ground, PO used a LVNR that rendered the male unconscious. PO did not immediately attempt to awaken or summon medical attention for the male. PO eventually put the male in handcuffs and moved him to a seated position where PO immediately placed a passive and handcuffed male into an inappropriate and excessive "choke hold". PO then rolled the male onto his stomach and used another inappropriate excessive tactic by placing his knee/shin on the back of the male's neck for approximately five minutes. PO did not provide medical attention to the suspect at the conclusion of the incident. In addition, PO used the words "bitch", "mother fucker", "shit", "fuck" and called the male a "piece of shit" while trying to take him into custody. Arbitrator overturned termination. |

LVMPD 1387

| NUMBER | POLICY/REGULATION/ PROCEDURE | P# | DATE DISCIPLINE SIGNED/ PURGE DT | NAME OF EMPLOYEE | WRITTEN REPRIMAND | TRANSFER | SUSPENSION (HOURS) | DEMOTED | TERMINATION RECOMMENDED | RESIGNED IN LIEU OF | INCIDENT DATE AND SUMMARY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/002.00 | Use of Force | 9845 | 20150910 | ▓▓▓▓▓ | | | | | X | | PO was accompanied by a ride along CO and conducted a person stop on a female for the possible crime of misdemeanor loitering for the purpose of prostitution. At the stop, female did not leave area as requested and was profane during the entire encounter. Female was then handcuffed and escorted to the front of the police vehicle and exhibited no physical resistance and was compliant. PO used excessive and gross inappropriate use of force by pushing female down by the back of her neck while being handcuffed and struck the ground in an unsupported manner. In addition, PO slapped female's face while she was on the ground then dragged her across the ground. PO also kneeled on the female's back and neck, placed his hand on the back of the female's head and then struck the hood of the patrol vehicle twice with her face. PO grabbed female's ponytail, twisting it in his hand, struck the hood of the vehicle with the female's face for a third time. As a result, female sustained a bruise and laceration to her cheek. While still holding ponytail, PO escorted female to the rear of the vehicle and propelled her to the rear of the vehicle, causing female's face and shoulder to strike the door. Female attempted to kick PO once, but there was no evidence of contact being made or complaint from the CO. However, PO used this to justify the force used. PO made improper statements namely: "I'm going to dump you on the floor in a minute", "Who the hell you think you're talking to?", "Had enough?", "Stand here, shut up", "What else you want to do, tough guy?". Prior to contacting female, PO did not call out the stop in the beginning as required and arbitrarily turned off his body worn camera. Also, PO stuck his bare hand down the top of female's dress, touching her naked breast. PO stuck his hand down her dress 3x's to retrieve items and female sustained a small scratch on her breast. PO did not search female's jacket or person as required and no exigent circumstances existed to warrant intrusion of her private parts. PO's Use of Force report and Declaration of Arrest was factually misleading as he placed key elements of the encounter out of place to justify the force used. PO willfully and knowingly made untruthful statements on both official documents. PO did not establish probable cause to make a lawful arrest and did not read female her rights per Miranda. Multiple uses of force and verbal statements demonstrated malicious intent to cause harm to the female. The investigation determined PO committed the criminal violation of NRS 197.200 Oppression Under the Color of Office, a category D felony. Also sustained for Interaction with the Public; Voice Radio Communications; Body Worn Cameras; Searches; Transporting Prisoners; Arrest Procedures & Declaration of Arrest; and Arrest |

| NUMBER | POLICY/REGULATION/ PROCEDURE | P# | DATE DISCIPLINE SIGNED/ PURGE DT | NAME OF EMPLOYEE | WRITTEN REPRIMAND | TRANSFER | SUSPENSION (HOURS) | DEMOTED | TERMINATION RECOMMENDED | RESIGNED IN LIEU OF | INCIDENT DATE AND SUMMARY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/002.00 | Use of Force | 13142 | 20140816 | [redacted] | X | | | | | | PO conducted a stop on three male subjects. One subject was a male juvenile that was seated on a curb in handcuffs. The juvenile was also being verbally non-compliant and belligerent. Video surveillance revealed that PO responded to the juvenile by grabbing the back of his neck with his left hand. PO then adjusts his left hand and strongly grips the back of the neck and pulls back on the juvenile. PO holds this grip for approximately 28 seconds before releasing the juvenile. This caused the juvenile to have a small scratch on his neck and two small spots of fresh blood on his white tee shirt collar. This neck grab technique is not department trained or approved, was inappropriate and unnecessary. |
| 6/002.00 | Use of Force | 6908 | 20160821 20160511 | [redacted] | | | 32 | | | | CO was in the process of escorting an inmate out of a Booking side cell in order to move him to another cell. The inmate displayed passive resistance by failing to listen to verbal commands and progressed to active resistance when he told CO "If you touch me it's on". The comment was only heard by CO and he ended up drawing his Taser and pointing it at the inmate. The inmate was in the process of being placed in handcuffs by another CO. Although the inmate was slow to comply, the other CO had the inmate under control although the inmate would not place his palms together. CO suddenly stepped in and used intermediate force by taking the inmate to the ground with his right hand holding the inmate's neck/windpipe area. This was not an approved technique. In addition, while the inmate was lying face down on the ground and in handcuffs, the inmate tried to grab an officer. CO stepped in and performed a goose neck on the inmate's right arm/wrist area for pain compliance. A Sergeant stepped in and told CO to stop the technique as the elevation was inappropriate. The situation could have also been deescalated as CO had time to move out of the cell while he had his Taser on the inmate. 32 hours no option. |

LVMPD 1389

| NUMBER | POLICY/REGULATION/ PROCEDURE | P# | DATE DISCIPLINE SIGNED/ PURGE DT | NAME OF EMPLOYEE | WRITTEN REPRIMAND | TRANSFER | SUSPENSION (HOURS) | DEMOTED | TERMINATION RECOMMENDED | RESIGNED IN LIEU OF | INCIDENT DATE AND SUMMARY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/002.00 | Use of Force | 4991 | 20150415 | ███████ | | | | | | X | Lt responded to a disturbance in a parking lot. While conducting his investigation, the male suspect became non-compliant and Lt used the LVNR technique. Video was recorded by the male's friend which showed the male going to the ground and Lt maintaining the LVNR with the male on his stomach and Lt partially on his back. Lt rendered the male unconscious as his body went limp and his breathing snored. It was believed Lt was aware the male's unconscious state as he used the palm reviving technique to strike the male's upper back. Lt did not summon medical attention as required by policy and did not de-escalate the situation by relaxing the LVNR once the male was brought under control while on the ground. Lt also failed to take a Domestic Battery Report and was not equipped with a complete duty belt during this incident. Lt retired on 4/15/15 and declined to be interviewed by IAB. |
| 6/002.00 | Use of Force | 8577 | 20170325 | ███████ | X | | | | | | While conducting a person stop, the suspect yelled at PO, "I better not catch you around here". PO then attempted an LVNR on the suspect who at the time, was handcuffed and facing the patrol vehicle. PO released his hold after another officer intervened. The attempted LVNR was unnecessary and inappropriate and PO did not report it. |

LVMPD 1390