```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
                        LAS VEGAS DIVISION
```

| | | |
|---|---|---|
| TRINITA FARMER, | ) | CASE NO:  2:18-CV-00860-GMN-VCF |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Las Vegas, Nevada |
| | ) | |
| LAS VEGAS METROPOLITAN POLICE | ) | Friday, September 13, 2019 |
| DEPARTMENT, ET AL, | ) | |
| | ) | (3:04 p.m. to 3:16 p.m.) |
| Defendants. | ) | |

MOTION HEARING

BEFORE THE HONORABLE CAM FERENBACH,
UNITED STATES MAGISTRATE JUDGE

**APPEARANCES:**            See next page

Court Reporter:         Recorded; Digital

Courtroom Administrator: T. Renfro

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 8365
                        Corpus Christi, TX 78468
                        361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

**APPEARANCES:**

| | |
|---|---|
| For Plaintiff: | ANDRE M. LAGOMARSINO, ESQ.<br>3005 W. Horizon Ridge Pkwy., Suite 241<br>Henderson, NV 89052 |
| Defendants: | CRAIG R. ANDERSON, ESQ.<br>Marquis & Aurbach<br>10001 Park Run Drive<br>Las Vegas, NV 89145 |
| | DANIEL R. MCNUTT, ESQ.<br>625 S. Eighth Street<br>Las Vegas, NV 89101 |

**Las Vegas, Nevada; Friday, September 13, 2019; 3:04 p.m.**

**(Call to Order)**

3   **THE CLERK:** Your Honor, we are now calling *Farmer versus Las Vegas Metropolitan Police Department, et al.;* Case Number 2:18-cv-860-GMN-VCF. This is on before the Court for Motion Docket Number 81.

Counsel, please state your appearances for the record.

**MR. LAGOMARSINO:** Andre Lagomarsino for Trinita Farmer.

**MR. MCNUTT:** Daniel McNutt on behalf of Officer Lopera.

**THE COURT:** Mr. McNutt.

**MR. ANDERSON:** Good afternoon. Craig Anderson on behalf of the Las Vegas Metropolitan Police Department; Officers Tran, Crumrine and Flores.

**THE COURT:** Thank you. Okay.

So I thought we'd do the Request for Admission motion first. I notice they've now been responded to but I guess you still want some type of sanction here?

Who's motion -- is that yours, Mr. McNutt? Yeah.

**MR. MCNUTT:** It was my motion, your Honor.

**THE COURT:** Yeah, okay. Did that change anything?

**MR. MCNUTT:** Well it sort of changes things. But we had to file the motion to get the responses. That was the rub,

1  quite frankly.  We had a meet and confer.  Mr. Lagomarsino,
2  with some eloquence said, this is a an emotional thing.  I
3  understand.  I am empathetic to that fact.  But the RFAs were
4  done in an attempt to shorten what's often identified as the
5  most emotional event prior to trial, the deposition.
6           And so our concern, of course -- yes, I could have
7  waited and said okay we'll deal with these at his deposition
8  but I didn't notice the deposition, Mr. Anderson did.  So he'll
9  take the first run in the vast majority of questions, and I
10 will ask whatever 30, 40 hour worth of questions that I have to
11 clean up or that are peculiar to my client.  But I don't want
12 to hope that she's still in a framework of mind to sit there
13 and go through these emotional issues.  And I don't know how
14 less emotional:
15           Is this your phone number?
16           Is this Tashi Farmer's phone number?
17           Admit or deny these are text messages between your
18           two phones.
19           I understand that there's some burden to responding
20 but I will suggest that RFAs are the least burdensome written
21 discovery that we have.  Admit, deny or you don't have enough
22 information to admit or deny.  It's a pretty simple standard.
23 And we were quite frustrated that we had to file the motion.
24           And not to get into kind of where the motion practice
25 went with respect to things outside the parameters of this, but

1   obviously after we filed the motion, they then in fact made
2   some responses.  They, for the vast majority of the request,
3   they admitted them.  Which was precisely what we thought would
4   happen.  We just never anticipate this kind of objection.
5           Unfortunately, even with these facts -- and as
6   carefully as we've tried to treat them -- there's still an
7   obligation on a plaintiff to prove their case and to
8   participate in good faith in the discovery process.  And when
9   you're asking for three to 16 million dollars, there's going to
10  be -- we're going to delve into these issues.
11          The court need look no further than page 1 of the
12  Amended Complaint to see that the plaintiff puts forth, front
13  and center, her relationship with her son -- which the
14  discovery we've conducted to date casts great aspersions on.
15          Now, no one's denying that in the aftermath of a
16  death, you know, the relationships look better than it was but
17  we've got to delve into these issues.  These are issues that
18  are in this case.
19          **THE COURT:**  Yeah, I've read all that.  I think I
20  understand really what you're doing here.  So my question is,
21  what further relief do you need now?
22          **MR. MCNUTT:**  Your Honor, at this point, I don't have
23  any further relief to ask the court.  Quite frankly, when we
24  saw the change in courtroom and it was only related to the cert
25  motion, I figured your Honor was going to come out here and

1  say, essentially the motion is moot.

2  **THE COURT:** Well that's what I planned on saying but
3  I wanted to give you a chance.

4  **MR. MCNUTT:** I am not -- there are cases I have
5  wanted sanctions from you on and I asked directly for them.  I
6  recognize the equities at play in this case.  I'm not inclined
7  to ask the court to sanction Ms. Farmer but I would ask the
8  court to note the conduct and if we're back here again, then
9  maybe I will make that ask.

10  **THE COURT:** All right.  Well that's in the record.
11  That you, Mr. McNutt.

12  **MR. MCNUTT:** Thank you, your Honor.

13  **THE COURT:** So I am going to then deny Number 82, the
14  Emergency Motion to Deem Request for Admission Admitted as
15  moot.  The responses have been made and those will be the basis
16  on which that part of the deposition will proceed.  Unless --
17  do you have anything to add, Mr. Lagomarsino?

18  **MR. LAGOMARSINO:** No, your Honor.

19  **THE COURT:** So now the more interesting one, frankly,
20  is the Motion to Clawback.  And I've got to tell you, I've read
21  everybody's brief.  I appreciate your argument and whatnot but
22  Ms. Cayhill, my new law clerk and I, we found two completely
23  unaddressed issues which we think are dispositive of this
24  motion.  So I'm just going to tell you what it is.  And then if
25  I need to rule based on that now but because neither of you

1  briefed and it'll be up -- I gotta tell you, it's going against
2  you, Mr. McNutt.  If you want some time to get, you know, look
3  into it and make an argument, I'll give you some time to do it.
4  But let me just tell you.
5           First of all, to me, the statute that got passed
6  limits the disclosure of a communication.  And to me that's a
7  privilege.  And under Rule 501 of the Rules of Evidence, the
8  common law is interpreted by United States court -- I'm sorry
9  -- 501 privilege in general.  The common law as interpreted by
10 United States courts in the light of reason and experience,
11 governs the claim of privilege unless any of the following
12 provides.  Otherwise, the Constitution, a federal statute or
13 rules prescribed by the Supreme Court.  But in a civil case,
14 State law governs privilege regarding a claim or defense for
15 which the State law applies the rule or decision.  Well, this
16 is a 1983 case.  There's no State-law claims in this case.  The
17 State law privilege just does not get applied in this case.
18 Maybe you think it's not a privilege but to me it's quite
19 clearly a privilege.  It says, you know, that the communication
20 can't be disclosed.  And then it even tries to go ahead and say
21 that if it's going to be used in civil litigation, the court
22 has to review it in camera and then allow it only for
23 impeachment and whatnot.  Well now, if I were a State judge I
24 might say that violates separation of powers.  I don't think
25 the legislature can tell me how I handle evidence or the

1  district judge during a case.  But that's a whole other theory.
2  I'm not a State court; I'm a federal judge.  And Judge Navarro
3  is going to try this case and she's not obligated to apply
4  these privileges.  So I don't see any reason why I have to do
5  it.  But like I say, that's one.
6              And then the other one of course is you're asking it
7  to be applied retroactively.  The statute was passed after I
8  already ruled and ordered discussions closed and I've got some
9  authority here.  Campbell versus Alan Van Lines (phonetic) when
10 a court interprets the statute against the analysis of the text
11 and the text is silent here about retroactive, there's a strong
12 presumption against retroactive legislation.  And I just don't
13 see how I can interpret that thing being retroactive even if it
14 weren't a privilege.  So I denied the Motion for Clawback on
15 that basis.
16             Do you want some time to research this a little bit?
17             **MR. MCNUTT:**  Your Honor, I guess I would.
18             **THE COURT:**  Okay.
19             **MR. MCNUTT:**  Clearly as opposed to losing today, I
20 will --
21             **THE COURT:**  Okay, that's great.  I didn't want to
22 spring it on you, you know, because you didn't have chance --
23             **MR. MCNUTT:**  And I think, if I could, what I would
24 like to do is I think we should invoke FRCP 5-1.  Mr.
25 Lagomarsino shared -- because he is challenging the

```
 1  constitutionality of that statute in effect under preemption --
 2          THE COURT:  I'm not going to move on any of that.  I
 3  don't think I need to even get to that.
 4          MR. MCNUTT:  Okay.  Well my suggesting was going to
 5  be, he serves the State AG, to let them weight in on it or not.
 6  I can't change the facts that when we were here before on the
 7  cert statement, this statute didn't exist.
 8          THE COURT:  Right.
 9          MR. MCNUTT:  And now after 120 days in the
10  legislature it does.
11          THE COURT:  Yeah.
12          MR. MCNUTT:  I didn't even know this statute was
13  percolating up through the legislature because if I had, when
14  we were here on the cert statement, I would have done
15  everything to delay it until --
16          THE COURT:  Right.
17          MR. MCNUTT:  -- we had some ruling there.
18          We recognize that the cat is at some level out of the
19  bag here.  It's not all waiver though.
20          THE COURT:  Right.
21          MR. MCNUTT:  So I guess I would ask for two weeks to
22  brief the issue that the court thinks is dispositive.  And
23  we'll submit a brief and give Mr. Lagomarsino an opportunity --
24          THE COURT:  Well, yeah, if you need to.  I mean, take
25  a look at it.  I mean --
```

1        **MR. MCNUTT:** I will, your Honor.

2        **THE COURT:** I don't know what you're going to have to
3   say about that but don't feel compelled to say something if you
4   don't see a good basis for it. Rule 11 is going to apply.

5        **MR. MCNUTT:** I rarely do. Nothing is often the
6   clever thing to say.

7        **THE COURT:** Okay.

8        **MR. MCNUTT:** My only point is, in terms of because
9   this was all a matter of State law -- and maybe this is getting
10  into the preemption and I'll leave it at that -- but there's no
11  conflict with the federal -- even under a 1983 action. It's a
12  federal law if you go forward. There's no requirement to even
13  have a cert statement at all. So my position on that is if
14  there is a cert statement, then the State's allowed to control
15  how it's used or if it's used at all. And with that I'll --

16       **THE COURT:** But then start with -- see, I didn't even
17  rule on any of that. What you've said has nothing to do with
18  my ruling.

19       **MR. MCNUTT:** I understand, your Honor.

20       **THE COURT:** So we don't need 5.1 because I'm not
21  going to hold it unconstitutional or supremacy or anything.
22  It's the rules of evidence that are applied in this court.
23  Privilege. And then even if it weren't that, to make it apply
24  retroactively, I don't think the State court or the Federal
25  court would apply retroac -- Maybe you've got an argument on

1    that.  But the privilege one -- well I think it's pretty clear.

2    So any way, if you could -- you want two weeks?  I'll give you

3    two weeks if you want it.  I mean, there no -- we're really not

4    facing any deadline on this.

5              **MR. MCNUTT:**  We do have -- we have deadlines in as

6    much as we have rebuttal reports are coming due and things of

7    that nature and we have expert depos but --

8              **THE COURT:**  But this isn't holding anything up.

9              **MR. MCNUTT:**  This ruling won't hold anything up from

10   my perspective.

11             **THE COURT:**  Okay.  So I'll give you two weeks.  Let's

12   see.  That would be the 27th I guess or -- yeah 27th.  So by

13   4:00 o'clock on the 27th.  If you're going to file something or

14   if you would, just say that you don't plan to file something

15   that would be great.  And then I'll actually enter a written

16   order.  I can -- well you can research retroactively.  I'm not

17   going to read these statutes to --

18             **MR. MCNUTT:**  That's fine, your Honor.  And so even if

19   we choose not to file a substantive brief, file something

20   saying --

21             **THE COURT:**  We don't plan to and then I'll enter a

22   written order.  And then of course if you change your mind,

23   you'll have 14 days to object.  That might be tough.

24             **MR. MCNUTT:**  Fair enough, your Honor.  Thank you.

25             **MR. LAGOMARSINO:**  Your Honor, may I have an

1   opportunity to respond if he briefs?
2           **THE COURT:** Oh, yeah, yeah.  If he briefs, what do
3   you want?  Two weeks?
4           **MR. LAGOMARSINO:** That'll be great.  Thank you, your
5   Honor.
6           **THE COURT:** Okay.  So two weeks.  I won't need a
7   reply, I'm sure.  So, yeah.  So if he files something that's
8   substantive on the 27th, then your reply or response would be
9   due October 11th.
10          **MR. MCNUTT:** Thank you, your Honor.
11          **THE COURT:** Great.  Thanks for coming in.
12          **THE CLERK:** All rise.
13      **(Proceeding adjourned at 3:16 p.m.)**

**CERTIFICATION**

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                           January 6, 2020
         Signed                                              Dated

*TONI HUDSON, TRANSCRIBER*